STATE EX REL. FRANK CARTMEL, *Petitioner*, v. THE AETNA CASUALTY AND SURETY COMPANY, HONORABLE GEORGE COUPER GIBBS, CIRCUIT JUDGE FOR THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, AND HONORABLE DANIEL A. SIMMONS, CIRCUIT JUDGE FOR DUVAL COUNTY, FLORIDA, *Respondents*.

Opinion filed July 12, 1922.

1. The Federal Constitution does not expressly require jury trials in State courts, and the provisions of the State Constitution that "The right of trial by jury shall be secured to all,

and remain inviolate forever," does not forbid statutory provisions that in appellate proceedings, the appellate court shall not indulge presumptions as to the correctness of the verdict of the jury in the trial court, since where general appellate jurisdiction is given by the Constitution, the appellate court in appropriate proceeedings duly taken may review the merits of the cause, including a consideration of the evidence and a determination of its probate force under the issues made by the pleadings, as well as review the questions of law presented by the record.

2. A verdict of a jury creates no absolute right; but a verdict is subject to appellate review.

3. The organic right to a jury trial extends only to a determination of contested isues involving the facts of a litigated case.

4. A verdict rendered may be set aside by the trial court, if in the judgment of the trial court, the verdict is contrary to law on the issues presented or the verdict does not accord with the manifest weight of the evidence and the principles of right and justice.

5. What weight a trial court or an appellate court of general jurisdiction shall give to the verdict of a jury is a judicial matter that cannot be controlled by legislative enactment.

6. In the procedure prescribed by Chapter 7841, Acts of 1919, there is no trial *de novo*, but a review of the record as made in the trial court, and the appellate court merely affirms the judgment or reverses the judgment with directiions for further proceedings in the trial court.

7. The appellate proceedings outlined by Chapter 7841 Laws of Florida, does not deny the organic right to a jury trial or to due process of law.

An Application for a Writ of Prohibition.

Writ of Prohibition Denied.

*George C. Bedell,* for Petitioner.

WHITFIELD, J.—A petition praying for a writ of prohibition filed herein in effect alleges that Cartmel obtained a judgment against the Casualty and Surety Company, in the Civil Court of Record for Duval County; that a new trial in the cause was denied by the trial judge; that *an appeal* was taken to the Circuit Court by the defendant; "that in the said cause no writ of error has been sued out or returned to the Circuit Court for Duval County, Florida, but that the original files of the Civil Court of Record in said cause have been, as their petitioner is informed and believes and upon information and belief alleges, deposited in the Circuit Court of Duval County, Florida, together with a certified copy of the judgment in the Civil Court of Record above mentioned, and that the said Aetna Casualty & Surety Company is acting in pursuance of Chapter 7841 of the Laws of 1919, page 125, which said supposed enactment is as this petitioner alleges void and in conflict with both the Constitution of the State of Florida and the Constitution of the United States in that it requires the appellate court to affirm or reverse the judgment appealed from as the justice of the cause shall require, without regard to any presumption being indulged in to support the correctness of the judgment appealed from and to issue its mandate to the lower court with its findings upon such appeal, contrary to the Third, Fourth and Twelfth Sections of the Declaration of Rights of the Constitution of the State of Florida and contrary to Section Eleven of Article V. of the Constitution of the State of Florida with respect to the jurisdiction of Circuit Courts, and contrary to Section One of

Article XIV of the Amendments to the Constitution of the United States; that unless restrained by writ of prohibition the Honorable Circuit Court for Duval County, Florida, will proceed to a consideration of the appeal of proceeding brought by said Aetna Casualty & Surety Company.''

The Constitution provides that ''the judicial power of the State shall be vested in a Supreme Court, Circuit Courts, Court of Record of Escambia County, Criminal Courts, County Courts, County Judges and Justices of the Peace and such other Courts or Commissions as the Legislature may from time to time ordain and establish.'' Sec. 1, Art. V. Constitution, as amended in 1914.

Chapter 8521 Acts of 1921, repealed previous statutes relative to civil courts of record, and created civil courts of record in counties having more than 100,000 population. The Statute contains the following provisions:

''Sec. 9.   The rules of pleading, practice, procedure and evidence and the laws of this State prescribing rules of pleading, practice, procedure and evidence, and prescribing the services and return of process of Circuit Courts, shall so far as they are applicable, govern in Civil Courts of Record.

''Sec. 10.   All the provisions of the Revised General Statutes of Florida, and laws amendatory thereof or sup plementary thereto, which can be applied to the Civil Courts of Record, or to any proceeding therein, or to any officer thereof, shall be applicable thereon in all cases except where they are inconsistent with the provisions of this Act.

''Sec. 11.   The Circuit Courts shall have appellate jurisdiction in all cases decided by the Civil Courts of Record,

in the same manner and with the same limitations as now or hereafter prescribed as to appellate jurisdiction of cases in the County Court.''

Chapter 7841 is as follows:

''An Act to Provide a Simplified Method of Taking and Prosecuting Appeals from County Courts, County Judge's Courts and Justices of the Peace Courts of this State.

*''Be It Enacted by the Legislature of the State of Florida*:

''Section 1. Any judgment of a County Court, County Judge's Court or Justice of the Peace Court of this State may be reviewed by the proper appellate Court having jurisdiction of the appeal, in the following manner:

'' (1)   If there be matters in pais which requires a Bill of Exceptions, such Bill of Exceptions shall be prepared, presented and filed with the Judge of the Court within sixty days after the adjournment of the Court in the same manner and subject to the same rules and regulations in regard to settling and signing the same as prevail in Circuit Courts.

'' (2)   The party appealing shall enter his written notice of appeal by filing the same with the Clerk, or Judge if there be no Clerk, and a copy of such entry of appeal shall be served upon the defendant in error, or his attorney, or the State's Attorney, if the appeal be taken in a criminal case, and such entry of appeal filed shall be forthwith entered of record in the cause being appealed and shall give the appellate court full and complete jurisdiction of the subject matter and the parties without the service of any process whatsoever.

'' (3)   Appeals under this Act shall be made returnable

before the proper appellate court not less than thirty nor more than ninety days from the filing thereof, and shall be sued out within three months from the date of rendition of the judgment.

"(4)   It shall be the duty of the Judge of the Court whose judgment is appealed from to forthwith transmit under his hand and seal to the proper appellate court, the entire original record of the cause being appealed, including the original bill of exceptions signed and settled as well as all other papers on file in the cause, together with the entry of appeal, filed, on or before the return day of said appeal, and a certificate from the court reciting that such records constitute all the records and files in said cause.

"(5)   It shall be the duty of the appellant or plaintiff in error to file his complete assignment of errors in the appellate court within ten days from the return day of the appeal, and to serve a copy thereof on the opposing counsel, if any appear in the appellate court.

"(6)   The appellate court shall thereupon proceed to hear and determine the errors assigned, whether in term time or vacation, and affirm or reverse the judgment appealed from as the justice of the cause shall require, without regard to any presumption being indulged in to support the correctness of the judgment appealed from, and shall issue its mandate to the lower court, with its findings on such appeal, within not less than ten nor more than thirty days after the rendition of its decision, and transmit back to the lower court the record sent up in said cause.

"Sec. 2.   All laws and parts of laws in conflict with this Act be, and the same are hereby repealed.

"Sec. 3.    This Act shall take effect upon its passage and approval by the Governor.

Approved May 23, 1919."

Chapter 7841 Acts of 1919, regulates the procedure in taking "appeals from the County Courts, County Judge's Court and Justices of the Peace Courts:" and Section 11 of Chapter 8521 Acts of 1921, provides that: "The Circuit Courts shall have appellate jurisdiction in all cases decided by the Civil Courts of Record, in the same manner and with the same limitations as now or hereafter prescribed as.to appellate jurisdiction of cases in the County Court."

Conceding for the purpose of this application, that the above enactments taken together make the provisions of Chapter 7841 applicable to civil courts of record so that *an appeal* as distinguished from a writ of error is the proper appellate procedure in this case, and that the provisions of paragraph 6, Section 1, Chapter 7841, Acts of 1919, are applicable in appeals from the civil court of record, the asserted invalidity of paragraph 6, Section 1, Chapter 7841, Acts of 1919, on the ground that it deprives persons of property without due process of law, and violates the organic right to a trial by a jury, is not tenable.

The Constitution provides that: "The Circuit Courts shall have * supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the legislature may provide." Sec. 11, Art. V.

This express power of *"supervision and appellate jurisdiction of * such other matters as the legislature may provide,"* is suficiently comprehensive to authorize the legislature to enact the provisions of paragraph 6, Section 1,

5—Vol. 84.

Chapter 7841, Acts of 1919, that "the appellate court shall hear and determine the errors assigned * and affirm or reverse the judgment appealed from as the justice of the cause shall require, without regard to any presumption being indulged in to support the correctness of the judgment appealed from."

The Federal Constitution does not expressly require jury trials in State courts, (Walker v. Sauvinet, 92 U. S. 90) and the provisions of the State Constitution that: "The right of trial by jury shall be secured to all, and remain inviolate forever," does not forbid statutory provisions that in appellate proceedings, the appellate court shall not indulge presumptions as to the correctness of the verdict of the jury in the trial court, since where general appellate jurisdiction is given by the Constitution, the appellate court in appropriate proceedings duly taken may review the merits of the cause, including a consideration of the evidence and a determination of its probate force under the issues made by the pleadings, as well as review the questions of law presented by the record. A verdict of a jury creates no absolute right; but a verdict is subject to appellate review. The organic right to a jury trial extends only to a determination of contested issues involving the facts of a litigated case. A verdict rendered may be set aside by the trial court, if in the judgment of the trial court, the verdict is contrary to law on the issues presented or the verdict does not accord with the manifest weight of the evidence and the principles of right and justice. And in authorized appellate procedure an appellate court may set a verdict aside when it clearly is contrary to law or to the legal effect or the probative force of the evidence adduced under the issues. What weight a trial court or an appellate court of general jurisdiction shall give to the verdict of a jury is a judicial matter that cannot be con-

trolled by legislative enactment. Even if the provisions of paragraph 6, Section 2, Chapter 7841, Acts of 1919, that are asserted to violate organic rights to jury trial and due process, may be regarded as conferring upon the Circuit Courts in adjudicating appeals from civil courts of record, any judicial power not possessed by them under the Constitution, such provisions do not deny the right to a jury trial or to due process of law. The provisions complained of contemplate a new trial in case of a reversal and are not arbitrary or unjustly discriminatory in their application; and they merely declare a power that exists in the Circuit Courts, upon the creation of civil courts of record under amended Section 1, Article V. with a statutory right of appeal to the Circuit Courts that is authorized by the quoted provisions of Section 11, Article V. of the State Constitution. In this appellate procedure there is no trial *de novo,* but a review of the record as made in the trial court and the appellate court merely affirms the judgment or reverses the judgment with directions for further proceedings in the trial court.

Prior to the adoption of the first Constitution of the State, the Legislative Council of the Territory in 1832 enacted the following statute: "It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law." See Headnote 8 in Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, as to the effect of such a statute.

The proceedings outlined by the statute Chapter 7841 obviously does not deny the organic right to a jury trial or to due process of law.

Writ of prohibition denied.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.