456 So.2d 1274 (1984)
CITY OF JACKSONVILLE, Appellant,
v.
David G. BAKER, Etc., et al., Appellees.
No. AX-116.
District Court of Appeal of Florida, First District.
September 26, 1984.
Rehearing Denied October 17, 1984.
*1275 Dawson A. McQuaig, Gen. Counsel and William Lee Allen, Asst. Counsel, Jacksonville, for appellant.
David Wiesenfeld of Dawson, Galant, Sulik, Ellis & Wiesenfeld, Jacksonville, for appellees.
THOMPSON, Judge.
The City of Jacksonville (City) appeals a jury verdict in favor of the plaintiff Baker in a negligence action and from the trial court's order granting new trial as to damages only. The City asserts: 1) that the City's motion for directed verdict should have been granted, 2) that the City's motion for a new trial should have been granted, and 3) that the trial court erred in granting new trial as to damages only. We affirm.
Baker was severely and permanently injured in an intersectional collision between an automobile and the motorcycle upon which he was riding as a passenger. Baker alleged in his complaint that his injuries were the result of the City's negligence in failing to replace a stop sign which it had previously erected at the intersection, but which was not in place on the date of the accident. There was evidence that the stop sign had been missing from the intersection for a month or more, that the City knew or should have known that the sign was missing, and that it's absence created a dangerous condition at the intersection.
The City's defense was that the intervening negligence of the operator of the motorcycle was the sole proximate cause of the accident. Under the circumstances of this case the issue of proximate cause was properly left for the jury to resolve and the court did not err in refusing to direct a verdict for the City. Nor did the court err in refusing to grant the City's motion for new trial.
Baker, who was only 20 years old at the time of trial, will be confined to a wheelchair for the rest of his life and the severe brain damage he sustained in the accident has left him incapable of performing even the most basic tasks for himself. His expert economist testified that his damages for lost wages alone will exceed $500,000. Baker obviously experienced great pain and suffering during the 11 months he spent in various hospitals and it is clear that he sustained an almost total loss of capacity for enjoyment of life.
*1276 The jurors deliberated for over five hours, during which time they requested and received a re-reading of the jury instructions. They then returned a verdict for appellee in the amount of $400,000. Baker moved for an additur or, alternatively, new trial on damages, and the motion was granted. The City's rejection of the additur resulted in the issuance of the order granting new trial on the issue of damages only.
In the order granting a new trial as to damages, the trial judge expressly considered each of the criteria set out in § 768.043, Fla. Stat., for determining excessiveness or inadequacy of a verdict. Her determination that the damage award in this case was inadequate was well supported by the facts and circumstances referred to in her order and her determination that the jury's award was inadequate cannot be said to have been an abuse of discretion. Section 768.043, Fla. Stat. authorizes trial courts to order a remittitur or additur in automobile accident cases and provides, in pertinent part:
(1) In any action for the recovery of damages based on personal injury ... arising out of the operation of a motor vehicle ..., wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur... . If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
There are many cases in which the interest of justice requires that an order granting a new trial because of inadequate damages provide for retrial of the issue of liability as well as the issue of damages. See Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984); 1661 Corporation v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972); Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963). However, in this case this question is controlled by § 768.043, Fla. Stat. The language in the statute is mandatory and requires "[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." (emphasis supplied).
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.