712 So.2d 1183 (1998)
Magali ASTIGARRAGA, Appellant/Cross-Appellee,
v.
Richard V. GREEN, Appellee/Cross-Appellant.
No. 97-01039.
District Court of Appeal of Florida, Second District.
June 17, 1998.
Robert L. Donald of Law Office of Robert L. Donald, Fort Myers; and Mark A. Steinberg of Steinberg & Linn, P.A., Naples, for Appellant/Cross-Appellee.
Diane M. Dokecki of Troy & Yeslow, P.A., Fort Myers, for Appellee/Cross-Appellant.
BLUE, Acting Chief Judge.
Magali Astigarraga appeals the order granting a new trial after she obtained a favorable verdict in her personal injury action. Richard V. Green cross-appeals the directed verdict as to causation. We conclude the trial court did not err in directing the verdict on causation and thus affirm the cross-appeal without discussion. Astigarraga argues the trial court erred in failing to order a remittitur as an alternative to a new trial and in ordering a new trial as to all damages based on the finding that the future medical award was excessive. We agree with both of these contentions and reverse the order granting a new trial.
Astigarraga sued Green for damages she allegedly suffered as a result of an automobile accident. Green admitted negligence but contested whether his negligence was the cause of Astigarraga's injuries. Following a presentation of all the evidence, the trial judge entered a directed verdict as to causation and the matter was submitted to the jury only on the questions of permanency and damages. Although Green contended *1184 that Astigarraga lacked credibility, the jury apparently rejected this contention when it awarded her the total amount of her past medical expenses and $40,000 for future medical expenses. The jury also awarded her $5,000 for past non-economic damages (pain and suffering) and $100,000 for future noneconomic damages.
The medical testimony was contradictory, as it often is in cases such as this one. Astigarraga's two medical witnesses testified that she suffered a permanent injury as a result of the accident; one gave her a 15% impairment rating. The defense medical expert, on the other hand, testified that Astigarraga had completely recovered from any injuries sustained in the accident.
Following the jury verdict, Green filed an amended motion for a new trial. The trial judge found that the evidence was not sufficient to support the $40,000 award for future medical expenses, granted the amended motion and ordered a new trial on all damages. While the jury award for the future noneconomic damages was more than adequate, we cannot say that it was excessive. If the jury, as the fact-finder, accepted the testimony regarding a permanent injury for a 40-year-old woman with a 41-year life expectancy, the award was not excessive. As stated in Florida Standard Jury Instruction (Civil) 6.2(a), "There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence." We do agree with the trial judge that the evidence did not support the award for future medical expenses. We disagree, however, with the trial judge's conclusion that the excess verdict on one item of damages requires a new trial as to all damages.
Rather than ordering a new trial, the judge was required to first order a remittitur pursuant to section 768.043, Florida Statutes (1993). See Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), cause dismissed, 620 So.2d 762 (Fla.1993), abrogation on other grounds recognized, Ketchen v. Dunn, 619 So.2d 1010 (Fla. 2d DCA 1993). Only if Astigarraga rejects the remittitur would an order for new trial be appropriate. Because the remaining damages were supported by the evidence, they are not subject to remittitur.
Accordingly, we reverse the order granting a new trial on all damages. We remand for reinstatement of the damages awards except the award for future medical expenses. As to the future medical expenses, we direct the trial court to follow the requirements of section 768.043 and enter an order of remittitur.
Reversed and remanded with directions; cross-appeal affirmed.
WHATLEY and NORTHCUTT, JJ., concur.