743 So.2d 1218 (1999)
Raymond JARVIS and Theresa Mary Jarvis, Appellants/Cross-Appellees,
v.
TENET HEALTH SYSTEMS HOSPITAL, INC., d/b/a Delray Community Hospital, Appellee/Cross-Appellant.
No. 98-2312.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for appellants/cross-appellees.
James C. Sawran of McIntosh, Sawran, Peltz & Cartaya, P.A., Fort Lauderdale, for appellee/cross-appellant.
*1219 SHAHOOD, J.
Following a three-week trial in this medical malpractice action, the jury found in favor of the plaintiffs/appellants, Raymond Jarvis and Theresa Mary Jarvis. Based on a determination that the defendant/appellee, Tenet Health Systems Hospital, Inc., d/b/a/ Delray Community Hospital ("Delray") was 1% negligent and the Fabre[1] defendant, Bethesda Ambulance Service ("Bethesda") was 99% negligent, the jury awarded past medical expenses in the amount of $10,446.65, future medical expenses in the amount of $474,114, and damages for past and future pain and suffering in the amount of $10,000,000.00. The trial court granted an additur of $1,011,868.31 as to the past medical expenses and a remittitur of $5,000,000 as to the loss of consortium damages, and ruled that the failure to accept the additur or remittitur by either party would result in a new trial on both liability and damages.
The central issue on appeal is whether the trial court erred in granting a new trial on both liability and damages once the additur was rejected. We conclude that the court did err in this regard, and reverse and remand for a new trial on damages only.
Section 768.74(4), Florida Statutes addresses the procedure to be followed for remittitur and additur, and states that "[i]f the court finds that the amount awarded is excessive or inadequate, it shall order an additur or remittitur, as the case may be." § 768.74(2), Fla. Stat. (1997). The statute further provides that "[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." § 768.74(4), Fla. Stat. (1997) (emphasis added). In Broward County School Board v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991), this court carved a limited exception in these cases holding that where the issue of liability is hotly contested and there is some suggestion that the jury may have compromised on the verdict, a new trial on both damages and liability is appropriate.
In this case, the trial court denied appellants' motion to limit the new trial to only damages indicating that it was bound to follow the Dombrosky exception since liability was hotly contested. While there is no dispute that liability was hotly contested, there was no concurrent finding that the verdict was the result of a compromise, as Dombrosky requires. In fact, in denying Delray's motion for new trial, the trial court had previously found just the opposite, stating that this was a "well-thoughtout verdict." Thus, absent a finding that the jury compromised on the verdict, the trial court was not bound to follow Dombrosky. In fact, in light of the court's earlier decision to deny Delray's motion for new trial, the subsequent grant of a new trial on both liability and damages following rejection of the additur was inconsistent. Instead, the trial court should have granted a new trial on damages only in accordance with the statute.
Delray argues that the verdict was, indeed, a compromise because the award for past medical expenses appears to be approximately one percent of the damages proven, and is consistent with the jury's assessment of liability. We have not overlooked the fact that there was some confusion at trial concerning the jury instructions, but note that the trial court addressed this issue and concluded that the jury was not unduly influenced by passion or prejudice. The trial court has broad discretionary authority in this area; we find that there has been no abuse of discretion. See generally Brown v. Estate of Stuckey, 24 Fla. L. Weekly S397, ___ So.2d ___, 1999 WL 669205 (Fla. Aug. 26, 1999) (in reviewing a trial judge's ruling on whether a verdict is inadequate, excessive, *1220 or contrary to the manifest weight of the evidence, an appellate court must employ the reasonableness test to determine whether the trial judge abused his or her discretion).
Accordingly, we reverse the order granting a new trial on both liability and damages and remand for a new trial on damages only. We affirm as to all other issues raised.
FARMER, J., concurs.
HAZOURI, J., concurs specially with opinion.
HAZOURI, J., concurring specially
I concur in the result but write to express my disagreement with our court's decision in Broward County School Board v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991), for its failure to follow the mandatory requirement of section 768.74(2), Florida Statutes (1997). As the majority points out, the pertinent part of section 768.74(2) provides: "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." § 768.74(2), Fla. Stat. (1997) (emphasis added). The operative word here is shall, giving the trial court no discretion, when ordering a remittitur or additur, to grant a new trial on liability and damages. The court in Dombrosky, in determining that there should be a new trial on damages and liability, relied on Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990), for the proposition that: "when a damage award is clearly inadequate and the issue of liability is hotly contested, such circumstances give rise to a suggestion that the jury may have compromised its verdict." However, in Watson there was no issue of an additur, and thus no need for the application of section 768.74.
Prior to the enactment of section 768.74, the legislature enacted section 768.043(1), Florida Statutes (1977),[2] It applies to actions for personal injury or wrongful death arising out of the operation of a motor vehicle, but is otherwise virtually identical to section 768.74. The First District Court of Appeal addressed the application of section 768.043 in City of Jacksonville v. Baker, 456 So.2d 1274 (Fla. 1st DCA 1984). In Baker, the jury returned a verdict for the plaintiff, Baker, in the amount of $400,000.00. The plaintiff moved for an additur or, alternatively, a new trial on damages and the motion for an additur was granted. The defendant, City of Jacksonville, rejected the additur which resulted in an order granting a new trial on the issues of damages only, and the City of Jacksonville appealed. One of the points raised on appeal was that the trial court erred in granting a new trial as to damages only and rejecting the City of Jacksonville's assertion that there should be a trial on liability and damages. According to the Baker court:
There are many cases in which the interest of justice requires that an order granting a new trial because of inadequate damages provide for retrial of the issue of liability as well as the issue of damages. See Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984); 1661 Corp. v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972); Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963). However, in this case this question is controlled by *1221 § 768.043, Fla. Stat. The language in the statute is mandatory and requires "[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only."
Id. at 1276.
Therefore, just as the first district held that 768.043 is mandatory, I would hold that 768.74 is mandatory and if a trial court grants an additur or a remittitur and the adversely affected party rejects the additur or remittitur, that party is entitled to a new trial on damages only.
NOTES
[1] Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from by Wells v. Tallahassee Mem'l Reg'l Med. Ctr., 659 So.2d 249 (Fla.1995).
[2] In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle, whether in tort or in contract, wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.