760 So.2d 210 (2000)
ITT HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, Appellant,
v.
Stiles Jerry OWENS and Jean A. Owens, his wife, Appellees.
No. 3D99-0679.
District Court of Appeal of Florida, Third District.
April 19, 2000.
Rehearing denied June 21, 2000.
*211 Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale, for appellant.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel Perwin, Miami, for appellees.
Before COPE, GERSTEN and SORONDO, JJ.
COPE, J.
ITT Hartford Insurance Company of the Southeast appeals an order granting an additur in a personal injury case. Defendant-appellant Hartford contends that it is entitled to reject the additur and be given a new trial. See § 768.043, Fla. Stat. (1997). Because under the unusual circumstances of this case there was no disputed issue for retrial, the defendant's request for a new trial was properly denied and we affirm the additur.
Plaintiff Stiles Jerry Owens was seriously injured in an automobile accident, sustaining injuries to his right hand and arm. Plaintiffs brought suit against defendant Hartford, their uninsured motorist carrier.[1]
At trial there was differing medical testimony regarding the amount of money needed for future medical treatment. Both sides also presented expert economists who testified about calculating the present value of future damages.
The jury returned an interrogatory verdict which stated, in part:
2. What is the amount of any future damages for medical expenses to be sustained by Stiles Jerry Owens in future years?

a. Total damages over
 future years? $1,800,000.00
 -------------
b. The number of years
 over which those future
 damages are intended
 to provide
 compensation? 25 years
 --------
c. What is the present
 value of those future
 damages? $72,000.00
 ----------

The trial judge called counsel to sidebar and pointed out that there was apparently an error in the present value calculation. Defense counsel took the position that a reduction of $1.8 million to $72,000.00 was within the evidence. Plaintiffs' counsel said that such a calculation was not supportable under any view of the evidence. Plaintiffs requested that the present value calculation be resubmitted to the jury but the trial court declined to do so.
By post-trial motion, plaintiffs asserted that the jury had misunderstood the concept of present value. The defense economist had testified that in reducing an award to present value, the jury should use a 5.5% discount value, and the plaintiffs' expert had said that a 6.3% figure should be used. Under either calculation, the resulting figure would be much higher than the $72,000.00 figure contained as *212 item 2c on the jury verdict form. It turns out, however, that $1.8 million (line 2a) divided by a twenty-five-year life expectancy (line 2b) equals $72,000.00 (line 2c).
The trial court ruled that the plaintiffs' point was well taken. The court concluded that the jury intended to award $1.8 million in future damages. The court ruled that the present value calculation performed by the jury was not supported by the evidence, and must be modified by applying a discount value which is supported by the evidence.
The discount figure testified to by defendant's expert was 5.5%. In order to avoid the necessity of another trial, plaintiffs stated that they would accept the defense figure and abandon the higher figure (6.3%) which had been supported by plaintiffs' expert. The trial court used the defense figure and granted an additur of $819,214. The court ruled that, under the circumstances, defendant did not have the option of a new trial on this issue. Defendant has appealed, and we affirm.
We entirely agree with the trial court's conclusion that the jury intended to award $1.8 million for future medical expenses. The error was in the present value calculation which the jury did not understand. Therefore, the court was correct in determining that appellee was entitled to an additur.
Normally, defendant would have the option of refusing the additur and obtaining a new trial on the issue of damages. See § 768.043, Fla. Stat (1997).[2] But the only issue to be tried here if a new trial were granted would be the reduction of future medical expenses to present money value. Plaintiffs accepted defendant's discount rate for the reduction to present value. That concession by plaintiffs left no issue to be tried.
We respectfully disagree with the analysis of the dissent. The dissent relies on Jarvis v. Tenet Health Sys. Hosp., Inc., 743 So.2d 1218 (Fla. 4th DCA 1999), and Food Lion v. Jackson, 712 So.2d 800 (Fla. 5th DCA 1998), but those cases address a different issue than the one now before us. In Jarvis and Food Lion, the question was whether, once an additur was rejected by the defendant, the trial court should have ordered a new trial on damages only, or on damages and liability. See Jarvis, 743 So.2d at 1219; Food Lion, 712 So.2d at 803. Both courts concluded that, under the circumstances, a new trial was required on damages but not liability.
The wording of the statute is: "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." § 768.043(1), Fla. Stat. (1997) (emphasis added). The question is how to interpret the phrase, "the issue of damages." Id. Reading the statute as a whole, the intent is that where the problem leading to the excessiveness or inadequacy is one which affected damages only, then there should be a new trial on damages, but not liability. Thus, in the case of a general verdict, there would be a new trial on all damages.
The purpose of an itemized verdict, see id. § 768.77, is to facilitate judicial review of the jury's award by the trial judge and the appellate court. Where, as here, there is an interrogatory verdict and the problem of excessiveness or inadequacy affects a single interrogatory verdict only, the term "the issue of damages" logically means the interrogatory affected by the excessiveness or inadequacy. There is no reason to disturb other items in the jury's verdict which are not implicated in the excessiveness or inadequacy. On this point we follow the Second District's decision in Astigarraga v. Green, 712 So.2d 1183 (Fla. 2d DCA 1998), which held that where there is an excess verdict on one item of damages, the new trial should be ordered on that item of damages, not all damages. See id. at 1184; see also Altilio *213 v. Gemperline, 637 So.2d 299, 302 (Fla. 1st DCA 1994) (new trial on future medical expenses and future damages); Dyes v. Spick, 606 So.2d 700, 703-04 (Fla. 1st DCA 1992) (new trial on past non-economic damages).
In the present case, like Astigarraga, it is clear that the inadequacy affects only one item of damages, future medical expenses, and consequently the remittitur or additur analysis is performed with regard to this one issue of damages only. In the present case there is a facial error in the present value calculation for future medical expenses, but this problem logically has no effect on any of the other itemized damages.
As already stated, the statute calls for a new trial "on the issue of damages only." § 768.043(1), Fla. Stat. (1997). This necessarily contemplates that the "issue" between the parties is a disputed issue which must be resolved by the jury. But in this case the plaintiffs accepted defendant's present value calculation, leaving no issue to be tried.
The Florida Supreme Court has held that review of trial court orders regarding excessive or inadequate verdicts is governed by an abuse of discretion standard. See Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999). We see no abuse of discretion here.
Affirmed.[3]
SORONDO, J., concurs.
GERSTEN, J. (dissenting).
I respectfully dissent. Though the majority's pragmatic approach has great cache', it violates both statute and caselaw. Section 768.043(1) details a clear and simple procedure in remittitur and additur actions arising out of the operation of motor vehicles stating: "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." § 768.043(1), Fla. Stat. (1997)(emphasis added). A fortiori, once the trial court grants the plaintiffs motion for additur, and, as here, the adversely affected party does not agree, the trial court must order a new trial. See § 768.043(1), Fla. Stat. (1997); Jarvis v. Tenet Health Systems Hosp., Inc., 743 So.2d 1218 (Fla. 4th DCA 1999); Food Lion v. Jackson, 712 So.2d 800 (Fla. 5th DCA 1998); City of Jacksonville v. Baker, 456 So.2d 1274 (Fla. 1st DCA 1984), review denied, 464 So.2d 554 (Fla.1985).
My views in this regard, are summarized and far better expressed in the recent concurring opinion of Judge Hazouri in Jarvis v. Tenet Health Systems Hosp., Inc., 743 So.2d at 1220 (Hazouri, J., concurring specially). Judge Hazouri noted that the language of Section 768.043(1) is virtually identical to Section 768.74, and that the operative word in both statutes is "shall."
Thus Judge Hazouri concluded that the statutes' mandatory language entitles the adversely affected party to a new trial upon request, once a trial court grants an additur or a remittitur. See Jarvis v. Tenet Health Systems Hosp., Inc., 743 So.2d at 1221 (Hazouri, J., concurring specially). I agree with Judge Hazouri's definitive analysis. This case should be reversed and remanded with instructions to grant the defendant's motion for a new trial on damages pursuant to the clear additur statute and existing caselaw.
NOTES
[1] Plaintiff Jean A. Owens brought a claim for loss of consortium.
[2] The case was tried during 1998.
[3] As the present case illustrates, we doubt the wisdom of asking lay juries to unravel the mysteries of present value calculation.