816 So.2d 572 (2002)
ITT HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, Petitioner,
v.
Stiles Jerry OWENS and Jean A. Owens, his wife, Respondents.
No. SC00-1508.
Supreme Court of Florida.
April 25, 2002.
*573 Richard A. Sherman, Fort Lauderdale, FL, for Petitioner.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for Respondents.
LEWIS, J.
We have for review ITT Hartford Insurance Co. of the Southeast v. Owens, 760 So.2d 210 (Fla. 3d DCA 2000), which is in apparent conflict with Jarvis v. Tenet Health Systems Hospital, Inc., 743 So.2d 1218 (Fla. 4th DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

MATERIAL FACTS
On May 11, 1994, respondent Jerry Owens was involved in an automobile accident with an uninsured motorist in which his right hand and arm were injured. He filed an action against his insurance carriers seeking the recovery of past and future medical expenses and past and future pain and suffering. At trial, experts testified for both sides as to past and future damages, and regarding the discounted present value of recovery for future medical costs.[1] The jury then returned a verdict for the respondents.[2]
After the jury's verdict had been published by the court, the attorneys and judge had a sidebar discussion regarding the jury's present value calculations. The court opined that the final present value figure of $72,000 must have been a mistake, and that the jury must have intended to award $720,000. Counsel for the petitioner, however, asserted that the present value figure returned by the jury was a "fair present value." Trial counsel for the respondents specifically requested that the issue of present value be sent back to the jury. While the record is not clear that the respondents' request was formally denied, the court did not order the jury to *574 reconsider its verdict.[3] The jury was polled, and then discharged.
The respondents filed a motion for rehearing and for additur or in the alternative for a new trial, asserting that the jury misconceived the correct method of determining the present value of Mr. Owens' future medical expenses. The motion sought an order of additur from the court, or a new trial on the issue of the present value of the plaintiffs' future medical expenses only. The trial court entered an order on the plaintiffs' motion for additur or new trial, in which it held that the jury's calculation of present value was "not based on the law or the evidence in the case and most likely resulted from a misunderstanding of the concept of present money value." After conducting a hearing on the matter, in which the respondents agreed to use the petitioner's discount rate, the trial court entered a supplemental order granting additur in the sum of $819,214, plus interest from the date of the jury's verdict. The trial court subsequently denied the petitioner's motion for new trial under section 768.043, Florida Statutes (1997).
The petitioner appealed, and the Third District Court of Appeal affirmed. It agreed with the trial court that the respondents were entitled to an additur, and held that no new trial on the issue of damages was required. Owens, 760 So.2d at 212. The petitioner was not entitled to a new trial, the court held, because the respondents' acceptance of the petitioner's discount rate left no issue to be retried. Id. This timely petition for review followed.

ANALYSIS
In Poole v. Veterans Auto Sales & Leasing Co. Inc., 668 So.2d 189 (Fla.1996), this Court explained the appropriate standard of review where a trial court, after a party has rejected a remittitur, has granted a new trial on the issue of damages:

*575 We have chosen not to answer the certified question[4] because it appears to address an abstract scenario which may not relate to the instant case. However, we do not lightly dismiss the concerns which prompted the question. Section 768.74, Florida Statutes (1993), provides that the trial judge shall grant a remittitur or additur when the jury award is excessive or inadequate. The statute lists several criteria for the trial judge to consider when determining whether the verdict is excessive or inadequate. However, we do not believe that the statute alters the longstanding principles applicable to the granting of new trials on damages. In deciding whether or not to grant a new trial, the trial judge should not sit as a "seventh juror," thereby substituting his or her resolution of the factual issues for that of the jury. Laskey v. Smith, 239 So.2d 13 (Fla.1970). However, an appellate court should not reverse an order granting a new trial unless there was an abuse of discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988). While these principles may seem difficult to harmonize, see Montgomery Ward & Co. v. Pope, 532 So.2d 722, 722-24 (Fla. 3d DCA 1988) (Schwartz, C.J., dissenting), they do address separate standards of review made by different actors within the judicial system.
668 So.2d at 191 (emphasis supplied). We have further indicated that the same standard of review applies to review of a trial court's order granting a new trial regardless of whether it is ordered because the verdict is contrary to the manifest weight of the evidence, or because the verdict is inadequate or excessive:
Regarding inadequate or excessive verdicts, this ground is a corollary of the ground asserting that the verdict is contrary to the manifest weight of the evidence. A new trial may be ordered on the grounds that the verdict is excessive or inadequate when (1) the verdict shocks the judicial conscience or (2) the jury has been unduly influenced by passion or prejudice. The procedure under section 768.74, Florida Statutes (1997), for remittitur and additur apply only upon the proper motion of a party. Regardless of whether a new trial was ordered because the verdict was excessive or inadequate or was contrary to the manifest weight of the evidence, the appellate court must employ the reasonableness test to determine whether the trial judge abused his or her discretion.
Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999). Applying the standard articulated in Poole, we conclude that, in light of the mandate contained in section 768.043, Florida Statutes (1977), the trial court abused its discretion in denying ITT Hartford the alternative of a new trial on the disputed element of damages issue under these circumstances. Accordingly, the district court similarly erred in affirming that decision.
Here, the Third District's determination that section 768.043 does not require a defendant to be given the option of a new trial when an additur is granted is contrary to the express language of the statute and analogous precedent concerning *576 remittiturs.[5]Cf. Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998) (observing that, while a party need not file a motion for new trial in seeking a remittitur or additur under section 768.74, Florida Statutes (1977), "[o]f course, if a motion is granted under the statute, the `party adversely affected' may elect not to agree with the ruling, so that a new trial on damages may be necessary," citing section 768.74(4)); Born v. Goldstein, 450 So.2d 262, 264 (Fla. 5th DCA 1984) ("In considering the propriety of remittitur here, we note that a trial court may not reduce a jury verdict by ordering a remittitur without permitting the plaintiff to have the option of a new trial."); Gould v. National Bank of Florida, 421 So.2d 798, 802 (Fla. 3d DCA 1982) ("It is also settled law that the function of a remittitur is to correct an improper verdict as to damages ... and where the error is only that the damages awarded are excessive it is not proper to retry the issue of liability: remittitur or new trial on damages is the remedy."); Lewis v. Evans, 406 So.2d 489, 491 (Fla. 2d DCA 1981) (reversing and remanding for a new trial where, in an action for slander, the trial court reduced the total judgment by 30% and denied the appellant's motion for a new trial, observing that the appellant "correctly contends that a remittitur is error unless it is accompanied by an alternative grant of a new trial"); Ellis v. Golconda Corp., 352 So.2d 1221, 1227 (Fla. 1st DCA 1977) ("A trial court is not permitted to reduce the verdict of a jury by ordering a remittitur without permitting the plaintiffs to have the option of a new trial."); Stuart v. Cather Industries, Inc., 327 So.2d 99, 100 (Fla. 4th DCA 1975) (vacating and setting aside order of remittitur which failed to afford the plaintiff the alternative of a new trial, and remanding to the trial court "with directions to allow the plaintiff to accept the provisions of that order, or in the alternative, be granted a new trial on the issues of damages"); Dura Corp. v. Wallace, 297 So.2d 619 (Fla. 3d DCA 1974) ("A trial judge is not permitted to reduce the verdict of a jury by ordering a remittitur, without permitting the plaintiff to have the option of a new trial."). This Court's decision in Adams v. Wright, 403 So.2d 391 (Fla.1981), is instructive on this issue. In Adams, this Court, in determining that section 768.043, Florida Statutes (1977), was constitutional, said:
We therefore hold that section 768.043, Florida Statutes (1977), is a remedial statute designed to protect the substantive rights of litigants in motor vehicle-related suits. We also hold, contrary to defendants' contention, that there is no conflict between the statute and Fla.R.Civ.P. 1.530. Rule 1.530 delineates the procedures for granting a new trial. Section 768.043 in no way alters or conflicts with Rule 1.530. The statute merely provides an alternative means of redress for an existing grievance of a litigant.
Defendants next contend that the statute substantially abridges the right to a jury trial. We disagree. The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The *577 party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit.
Id. at 394-95 (emphasis added); cf. also Beauvais v. Edell, 760 So.2d 262, 269 (Fla. 4th DCA 2000) (Farmer, J., concurring) (citing section 768.74(4) and Adams, 403 So.2d at 395, in observing that the Legislature "made plain that an adjustment of damages by additur or remittitur was dependent on the consent of the adverse party and that party's right to have a new jury try the issue") review denied, 780 So.2d 912 (Fla.2001); Jarvis, 743 So.2d at 1221 (Hazouri, J., concurring specially) (concluding that, once the trial court grants an additur or a remittitur, the mandatory language of section 768.74(4) entitles the adversely affected party to a new trial upon request). Pursuant to both decisional law and the plain language of the statute, the defendant's right to a new trial on the issue of damages as an alternative to accepting an additur is clear.
The plaintiffs' argument that such retrial should address only contested damage issues, citing Astigarraga v. Green, 712 So.2d 1183 (Fla. 2d DCA 1998), is consistent with this Court's own observation that "[t]he organic right to a jury trial extends only to a determination of contested issues involving the facts of a litigated case." State v. Aetna Cas. & Sur. Co., 84 Fla. 123, 92 So. 871, 873 (1922) (emphasis added); see also Astigarraga, 712 So.2d at 1184 (holding that, where there is an excess verdict on one item of damages, a new trial should be ordered on that item only); Altilio v. Gemperline, 637 So.2d 299, 302 (Fla. 1st DCA 1994) (reversing a zero award for future medical expenses and remanding for a new trial on that issue and on future damages, if any, relating to the need for future surgery only). However, the premise that the defendant here did not object to the future medical damages award is not supported by the record. Here, counsel for the defendant observed that the present value figure produced by the jury was fair. It is inaccurate, however, to take this observation out of context and conclude that the defendant therefore did not object to the future medical damage award established by the additur.
Pursuant to the statute, having rejected the trial court's additur related to future medical expenses, the defendant is entitled to the alternative of a new trial on damages. The only question remaining is whether the defendant is entitled to a new trial in which all damage issues will be considered, or in which only the issue of future medical damages will be addressed.
The plaintiff's future medical damages constitute a discrete item of recovery, separate from other damages. Cf. Astigarraga, 712 So.2d at 1183 (determining that the trial court erred where, based upon its finding that the future medical award in the case was excessive, it failed to order a remittitur as an alternative to a new trial and ordered a new trial as to all damages, rather than restricting the new trial to a determination of future medical damages only). Because special verdict forms were used in this case, the record reflects that the jurors' error occurred in that area of recovery alone. Cf. Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla.1977) (requiring the use of special verdicts in trials involving comparative negligence, and making their use discretionary in other cases); Division of Admin. v. Ness Trailer Park, Inc., 489 So.2d 1172, 1180 (Fla. 4th DCA 1986) ("Had the special verdict forms requested by DOT been granted, we could tell what damages, if any, were granted under existing law and which were not."); Variety Children's Hospital, Inc. v. Perkins, 382 So.2d 331, 333-34 (Fla. 3d DCA 1980) (observing that, where two or more issues are left to the *578 jury, either of which may be determinative of the case, the use of a special verdict for each count will eliminate any "question with respect to the jury's conclusion as to each"); cf. also United States v. Ofchinick, 883 F.2d 1172, 1180 (3d Cir.1989) ("A principal advantage of using a special rather than a general verdict is that an error may only affect a few of the trial court's findings, thus limiting a new trial or vacatur of the judgment to the issues covered by the tainted findings."). Therefore, it is appropriate for the trial court to limit retrial here to the issue of future medical expenses only.[6]See generally David A. Lombardero, Do Special Verdicts Improve The Structure of Jury Decision Making?, 36 Jurimetrics J. 275, 277-78 (1996) (observing that special verdicts facilitate appellate review, and "may promote judicial economy by limiting the issues in a possible retrial."); Donald Olander, Resolving Inconsistencies in Federal Special Verdicts, 53 Fordham L.Rev. 1089, 1091 (1985) ("If a special verdict is used, however, error may only affect a few of the jury's findings, thus limiting a second trial to the issues covered by the tainted findings."). We find no authority for the dissenting view here,[7] which would interpret section *579 768.74(4) to require a new trial as to all damage elementsincluding those which the record reflects are not in dispute resulting in a needless waste of time and resources for both the litigants and the trial judge.
Based upon the foregoing, the decision of the Third District is quashed. The district court is directed to reverse and remand the trial court's determination, with directions that the defendant be granted a new trial restricted to the issue of future medical damages only.
It is so ordered.
SHAW, HARDING, ANSTEAD, and QUINCE, JJ., concur.
WELLS, C.J., concurs in part and dissents in part with an opinion.
PARIENTE, J., recused.
WELLS, C.J., concurring in part and dissenting in part.
I concur that the decision of the district court must be quashed. I cannot, however, agree to vary the language of the statute and limit the new trial only to the issue of "future medical damages only." Majority op. at 579. It does appear that this case would lend itself to a consideration of only the discrete issue that caused the problem, which is the reduction to present value. However, that is not what the statute mandates. Rather, the statute specifies that "the court shall order a new trial in the cause on the issue of damages only." § 768.043(1), Fla. Stat. (1997). I cannot read this to mean anything but damages, not an item of damages.
Florida did not recognize additurs until there was a statutory mandate for additurs. Thereafter, this Court upheld the constitutionality of the statute as being remedial. Judge Farmer's concurring opinion in Beauvais v. Edell, 760 So.2d 262, 266-67 (Fla. 4th DCA 2000), sets out important precedent:
Plaintiff's motion for an additur was made pursuant to section 768.74 and its counterpart, section 786.043[sic]. This is significant because, prior to the enactment of these statutes, judges had no power to increase a jury's award of damages by additurs, which perforce did not then exist in Florida. In Bennett v. Jacksonville Expressway Auth., 131 So.2d 740 (Fla.1961), our supreme court flatly held that:
"[a]lthough we have referred to the additur ordered by the trial judge as indicating the extent to which he considered the verdict unjust, we do not recognize his authority to effectuate an increase in the verdict of the jury."
131 So.2d at 744; see also John Sessa Bulldozing, Inc. v. Papadopoulos, 485 So.2d 1383, 1384 (Fla. 4th DCA 1986) ("Florida courts have consistently ruled against the granting of additur."); Reinhart v. Seaboard Coast Line RR. Co., 472 So.2d 511, 513 (Fla. 2d DCA 1985) ("[T]he trial court had no authority to order an additur in lieu of a new trial."), *580 review denied, 480 So.2d 1295 (Fla. 1985). As the court also explained in Sarvis v. Folsom, 114 So.2d 490 (Fla. 1st DCA 1959):
"Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess in that sense that it has been found by the juryand that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict.... To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept `an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'"
114 So.2d at 492 (quoting Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935)).[n.]
[n.] The Florida Constitution has expressly made the right to trial by jury basic to our jurisprudence. See Fla. Const. art. I, § 22 ("The right of trial by jury shall be secure to all and remain inviolate....").
When the legislature first authorized additurs in motor vehicle cases in 1977, see Ch. 77-468, § 41, Laws of Fla., and § 768.043, our supreme court said in upholding the validity of that statute as a violation of the right to trial by jury that:
"The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit."

Adams v. Wright, 403 So.2d 391, 395 (Fla.1981).
It was only in 1986 with the creation of section 768.74 that the legislature gave judges a general power of additur.
(Some alterations in original.) Since additur is a statutory creation and limits a party's right to enforce a jury's verdict, it logically follows that the statute must be strictly construed. The present statute is quite straightforward-either the party accepts the additur or remittur or there will be a new trial on damages. It significantly changes that choice when the new trial is not on damages but rather as to an item of damages. I question whether this does not violate the party's right to trial by jury.
I would enforce the statute as written.
NOTES
[1] The respondents presented evidence of damages through the testimony of three doctors and the deposition testimony of two other medical witnesses. They also presented damages valuation evidence through the testimony of an economist. The defendant-petitioner introduced evidence through the testimony of two doctors and an economist.
[2] That portion of the verdict form which led to the circumstances addressed in the present petition for review reads as follows:

What is the amount of any future damages for medical expenses to be sustained by Jerry Owens in future years? One million, eight hundred thousand dollars. The number of years after [sic][for] which those damages are intended to provide compensation, twenty-five years. What is the present value of those future damages? Seventy-two thousand dollars.
[3] The full exchange between the trial court and counsel was as follows:

THE COURT: The question I have is, of course, they couldn't have a present value of million, eight, down to seventy-two thousand. I think they must have meant seven hundred twenty thousand.
MR. RICE: That's a present, fair present value, Judge, with all due respect.
MR. FREIDIN: It couldn't be that under your most optimistic result from your expert. It couldn't be seventy thousand dollars for the present value.
THE COURT: I don't think we can do anything. They can make this reduction. There is no way I think I could send it back to them.
MR. FREIDIN: For the record, we request that, and it's denied, I guess. I appreciate if you would say it was denied instead of me.
THE COURT: What is it you are requesting? What would you be requesting? I mean, well, this, of course, will be a matter of record. Set fourth [sic] all the other figures with the appropriate
MR. FREIDIN: That's only ones that they reduced to present value. I don't think anyone could realistically argue one million, eight hundred thousand dollars could be seventy thousand dollars in present money value.
THE COURT: What if they bought the argument that they should invest in the stock market? That was argued.
MR. FREIDIN: I feel like it's a blatant error. I am beginning to think what the right thing to do isI understand it's not that simple to justfor my opinion, I would like to ask them, ask the foreman if seventy I would like to ask the foreman if they felt that that accurately reflects their reduction to present value of seventy thousand dollars.
THE COURT: I am not going to do that; but if you want the jury polled, I would ask them what the verdictI just mentioned was the verdict, they each agreed.
MR. FREIDIN: Well, they are going to be polled, so
THE COURT: That's what I'll do.
MR. FREIDIN: Since
THE COURT: I am not going to ask them about that specific figure.
MR. FREIDIN: Okay.
[4] In Veterans Auto Sales & Leasing Co. v. Poole, 649 So.2d 264 (Fla. 5th DCA 1994), the district court of appeal certified the following question as one of great public importance:

If section 768.74 permits a trial judge to order a new trial unless the affected party agrees to accept a remittitur or additur when a reasonable person could agree that the record supports the jury decision (assuming no trial error or jury misconduct), does this section violate article I, section 22, Constitution of the State of Florida?
[5] In Doughty v. Insurance Co. of North America, 701 So.2d 1225, 1227 (Fla. 4th DCA 1997), the Fourth District correctly observed, in determining the standard applicable to its review of a trial court order granting an additur, that this Court's precedent regarding the standard applicable to appellate review of an order granting a remittitur was instructive, there "being no difference, so far as we can see, between a remittitur and an additur."
[6] ITT Hartford argues that "the damage issues as to the various elements of the medical care and the mix and match of what medical treatment might be needed in the future were so interwoven with the plaintiffs' other claims for damages that, if the jury is to rehear any of the damage issues, it really must rehear all of them." However, ITT Hartford has not demonstrated that it objected to any other part of the verdict, or that any other part of the jury's award was addressed by the additur. No other aspect of the jury's verdict appears to have been either in dispute, or preserved for appeal. Cf. Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262, 1263-64 (Fla.1996) ("We agree with the Third District Court of Appeal that a reversal precipitated by Fabre [v. Marin, 623 So.2d 1182 (Fla.1993)] errors does not affect the determination of damages. As a consequence, the reversal in this case should not have been extended to a new trial on damages."); Bush v. Trans World Airlines, Inc., 358 So.2d 543, 544 (Fla.1978) ("The trial judge obviously perceived that, based on the testimony and evidence presented as to loss of anticipated profits, he had committed error in the particulars mentioned. Since those errors relate only to the issue of damages, it is proper that the new trial be limited to the issue of damages only."); Brinson v. Howard, 71 So.2d 172, 173 (Fla.1954) ("[W]e conclude that the circuit judge ruled properly in granting a new trial; and we hold that he ruled wisely in restricting the new trial to damages not only because of his conviction about the charges on a material element of damage but also because of the recital in his order that the `defendants concede that there was no error at the trial relating to liability....'"); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38, 40 (Fla. 4th DCA 1999) (reversing and remanding case for a new trial "on the issue of damages only, since Allstate has not contested its liability to Mazzorana on appeal"); Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283, 1285 (Fla. 1st DCA 1993) (observing that, because the appellant did not assert in its motion for new trial that the jury's verdict was contrary to the manifest weight of the evidence, it failed to preserve that issue for review).
[7] The dissent appears to premise its view on the fact that, prior to enactment of the statute, cases in which additurs were approved were rare. See Skelly v. Hartford Cas. Ins. Co., 445 So.2d 415, 415 (Fla. 4th DCA 1984) (indicating that the cause was to be remanded "for an additur or to permit the plaintiff to have the option of a new trial on damages only"); Nazco v. Lopez, 397 So.2d 976 (Fla. 3d DCA 1981) (affirming final judgment for the plaintiff entered pursuant to the verdict and an additur accepted by the defendants). However, this case does not address the trial court's authority to enter an additur; rather, it concerns the grant of a new trial where a court has determined that the verdict in a case is grossly inadequate. The trial court's authority to do so was well entrenched in Florida's common law prior to codification of the principle in section 768.74(4), Florida Statutes. As aptly stated by the district court in Hutto v. Washington County Kennel Club, Inc., 253 So.2d 726 (Fla. 1st DCA 1971):

It is well-established in Florida law that a verdict for grossly inadequate damages stands upon the same ground as a verdict for excessive damages, and a new trial may be as readily granted in one case as in the other. Roberts v. Bushore, 182 So.2d 401 (Fla.1966). While an appellate court must be ever alert against the temptation to substitute its judgment for that of the jury, it must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict. Griffis v. Hill, 230 So.2d 143 (Fla.1970). In each case, the question of whether the award of damages is so grossly inadequate as to require the granting of a new trial involves a determination of whether or not reasonable men could reach the verdict rendered. White v. Bacon, 166 So.2d 678 (Fla.App.1st, [DCA] 1964); Griffis v. Hill, supra.
Id. at 727.