935 So.2d 1289 (2006)
Mildred Gibbons SPENCER, Appellant,
v.
BR CONTRACTING, INC. and Michael Branan, Appellee.
No. 5D05-2265.
District Court of Appeal of Florida, Fifth District.
August 25, 2006.
Joseph Morrell, Orlando, for Appellant.
Wayne Tosko of Vasquez & Tosko, LLP, Orlando, for Appellee.
LAWSON, J.
Mildred Gibbons Spencer appeals the trial court's order granting appellees' motion for remittitur, which decreased Spencer's verdict against appellees from $15,636.56 to $11,233.50, and separate order granting appellees' motion for additur, which increased the verdict against Spencer on appellees' counterclaim from $2,206.70 to $6,206.70. Spencer timely objected, and requested a new trial on damages. We agree with Spencer that the trial court erred by entering a final judgment based upon the adjusted verdict amounts without affording Spencer a new trial on damages, and reverse.
Motions for additur and remittitur are governed by section 768.74, Florida Statutes. Although it appears that the trial court properly granted appellees' motions pursuant to this statute, the statute also affords any party adversely affected by an order of additur or remittitur to reject the trial court's decision and "have the matter of damages submitted to another jury." ITT Hartford Ins. Co. of the Southeast v. Owens, 816 So.2d 572, 576 (Fla.2002). As explained by our Supreme Court: "The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury." Id. at 576-77 (emphasis in original).
*1290 Spencer filed a motion[1] stating that she disagreed with the trial court's adverse decision as to additur and remittitur, and requesting a new trial on damages "as statutorily mandated by and pursuant to § 768.74(4), Fla. Stat." Having requested a new trial on damages, the trial court erred in not granting Spencer's motion. Therefore, we reverse the final judgment, and remand for a new trial on damages.
REVERSED and REMANDED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] Section 768.74(4), Florida Statutes, does not provide a timeline for filing an objection to an order of additur or remittitur, and case law provides no guidance on the issue. Spencer filed her motion within thirty (30) days of the court's orders and final judgment. Because appellees failed to raise a timeliness argument in the trial court or in their brief, any such argument has been waived. See Williams v. Salem Free Will Baptist Church, 784 So.2d 1232 (Fla. 1st DCA 2001)(noting that a procedural error not timely raised in the trial court is waived unless the party asserting the error can demonstrate that such a waiver would be a denial of due process).