NORTHCUTT, Judge.
Thelma Burke was injured when a truck owned by Samuel Fyock and driven by Luis Rolon rear-ended her car. She sued Fyock and Rolon, and a jury awarded her some of the damages she sought. She moved for additur or a new trial, contending that the awards in three damage categories were inadequate and contrary to the greater weight of the evidence. The court granted Burke’s motion. On appeal, Rolon and Fyock seek review of the order granting the new trial; on cross-appeal, Burke challenges the court’s decision to grant a new trial on issues she did not raise in her motion.
We find no abuse of discretion in the court’s decision to grant a new trial and we affirm the issue on appeal without further discussion. See ITT Hartford Ins. Co. of the Se. v. Owens, 816 So.2d 572 (Fla.2002) (noting that an appellate court should not reverse a trial judge’s decision to grant a new trial absent an abuse of discretion). As to the cross-appeal, we reverse the order to the extent that it encompasses categories of damages not included in the motion for new trial.
Burke claimed that the accident caused her to suffer cervical and lumbar spine *120 injuries and temporomandibular joint (TMJ) disorder. She sought damages for past medical expenses, past pain and suffering, past lost wages, future medical expenses, and future pain and suffering. The jury awarded less than the amount Burke sought for past medical expenses and awarded her $20,000 for past pain and suffering. The jurors also determined that she had sustained a permanent injury, but they awarded nothing for the other categories of damages. In her motion for new trial she challenged all the damage awards except for the $20,000 for past pain and suffering.
When granting the motion, the trial court noted that it had made two eviden-tiary errors. First, the court determined that it should not have allowed a doctor to testify for the defense that he would have charged a far smaller amount for Burke’s back surgery than her own doctors charged. This surgery was included in Burke’s claim for past medical expenses. Second, the court held that it should have permitted testimony that Burke had failed to seek treatment for the TMJ disorder because she could not afford - periodontal treatment that was a prerequisite to the TMJ treatment. The court also pointed out that essentially unrebutted evidence at trial showed that Burke would need additional treatment for the spinal injuries for the rest of her life, that she still needed surgery for the TMJ disorder, and that she would require yearly medical care for life for that injury.
The court’s order did not limit the new trial to the damages categories addressed in Burke’s motion. Instead, it granted a new trial on all damages, including past pain and suffering, and on the question of whether Burke had suffered a permanent injury. In doing so, the court erred. The evidentiary issues the court identified did not relate to permanency or to pain and suffering damages. They were pertinent to the amounts awarded for past and future medical expenses, categories of damages that Burke challenged.
The evidence at trial supported the juror’s determination that Burke suffered a permanent injury. Burke’s expert doctors testified that she had a cervical disc impairment that resulted in a permanent injury. One of the defendant’s doctors testified Burke had a permanent injury based on her reported disc problem. His opinion in that regard was based on Burke’s subjective complaints, but a finding of permanency can be based on the injured person’s subjective complaints. See City of Tampa v. Long, 638 So.2d 35, 37 (Fla.1994). And once a jury determines that a plaintiff has suffered a permanent injury, “the plaintiff can recover noneco-nomic damages related to his pain, suffering, mental anguish, and inconvenience for all of the injuries related to the accident.” Wald v. Grainger, 64 So.3d 1201, 1207 (Fla.2011). Although the defendants argued that Burke had not suffered a permanent injury, the evidence on this point was not substantially disputed. Cf. Howard v. Perez, 707 So.2d 845, 846 (Fla. 2d DCA 1998) (reversing an order granting a new trial that expanded the issues beyond the question of inconsistent and inadequate future noneconomic damages; the other issues were not substantially disputed or hotly contested).
Burke did not challenge the jury’s award of damages for past pain and suffering and was apparently satisfied with that award. Those damages are a discrete category separate from the damage awards disputed in her motion. The new trial must be limited to the damage awards that Burke contested. See Owens, 816 So.2d at 577 (approving argument that new trial should be limited to contested damages, noting that “[t]he organic right to a jury trial *121 extends only to a determination of contested issues involving the facts of a litigated case.”) (quoting State v. Aetna Cas. & Sur. Co., 84 Fla. 123, 92 So. 871, 873 (1922)); Astigarraga v. Green, 712 So.2d 1183 (Fla. 2d DCA 1998).
We affirm in part and reverse in part the order for new trial. We remand for the circuit court to conduct a new trial on only the damages contested in Burke’s motion.
VILLANTI and MORRIS, JJ., Concur.