534 So.2d 780 (1988)
SURETY MORTGAGE, INC., d/b/a SMI Financial, a Division of Surety Mortgage, Inc., Appellant/Cross-Appellee,
v.
EQUITABLE MORTGAGE RESOURCES, INC., a Florida Corporation, Appellee/Cross-Appellant.
No. 87-3614.
District Court of Appeal of Florida, Second District.
November 16, 1988.
Rehearing Denied December 13, 1988.
*781 Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, for appellant/cross-appellee.
Anne S. Mason of Joseph C. Mason, Jr., P.A., Clearwater, for appellee/cross-appellant.
SCHOONOVER, Judge.
The appellant, Surety Mortgage, Inc., d/b/a SMI Financial, a Division of Surety Mortgage, Inc. (SMI), challenges a final judgment entered in its favor in an action it brought against the appellee, Equitable Mortgage Resources, Inc. (EMR). EMR cross-appeals that same final judgment. We find that the trial court erred in denying SMI's motion for new trial on the issue of damages and, accordingly, reverse.
SMI filed an action against EMR seeking damages for breach of contract and fraudulent misrepresentation. EMR subsequently filed a third party action seeking indemnification from its former employee who had entered into the contract with SMI. EMR voluntarily dismissed the third party action before the parties' jury trial, and SMI voluntarily dismissed its fraudulent misrepresentation claim at the close of its case-in-chief. Thus, only SMI's breach of contract claim was submitted to the jury.
The jury returned a special verdict finding that EMR materially breached the contract *782 with SMI "such that [SMI] is entitled to reliance damages[.]" In addition, however, the jury found that the total amount of SMI's reliance damages was zero. The trial court entered a final judgment pursuant to the jury verdict and subsequently denied SMI's motion for new trial on the issue of damages. SMI then filed a timely notice of appeal. EMR has cross-appealed contending that if a new trial is ordered, the new trial must be on both damages and liability because the trial court erred by refusing to instruct the jury on mitigation of damages.
We agree with SMI's contention that the trial court erred by denying the motion for new trial. The decision of whether to grant a motion for new trial is within the trial judge's broad discretion because his contact with the trial and ability to observe the behavior of the witnesses places him in the best position to fully comprehend the processes by which the jury, as trier of fact, reached its ultimate decision. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). The trial judge has the duty to grant such a motion, however, where the jury has been influenced by extraordinary considerations, mislead by the force and credibility of the evidence, or when the verdict, as in the case sub judice, fails to comport with the manifest weight of the evidence. Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980).
It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting evidence exists concerning damages and reasonable men could believe that the plaintiff sustained no damages, a zero verdict will be upheld. See Boeck v. Diem, 245 So.2d 687 (Fla. 2d DCA 1971). In this case, however, the jury found that EMR was liable and that SMI did in fact sustain damages, but awarded no damages despite uncontradicted evidence establishing more than nominal damages. Thus, the jury's award was inadequate and must be reversed. See Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984).
Although we agree with SMI's position, we disagree with EMR's contention that the question of liability must also be retried. The question of mitigation of damages in this case does not depend upon the question of liability which the jury decided in favor of SMI. That finding has support in the record and has not been cross-appealed. Upon remand, however, if EMR presents sufficient evidence to be entitled to an instruction on mitigation of damages, the instruction can be given. See Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), review denied, 392 So.2d 1377 (Fla. 1981).
We also reject EMR's argument that because the verdict was inconsistent in finding that SMI was entitled to reliance damages and then awarding zero reliance damages, SMI waived its right to complain on appeal by failing to object at trial. A zero damage verdict for a plaintiff, even when coupled with a finding of liability against the defendant, may be tested for inadequacy in light of the evidence by an appropriate motion for new trial. Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985).
We, accordingly, affirm the trial court's final judgment as to liability but remand for a new trial on damages.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
CAMPBELL, C.J., and RYDER, J., concur.