579 So.2d 748 (1991)
BROWARD COUNTY SCHOOL BOARD, Appellant/Cross-Appellee,
v.
Todd DOMBROSKY, Appellee/Cross-Appellant.
No. 90-1409.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Rehearing Denied June 19, 1991.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellant/cross-appellee.
Robert Garven, Coral Springs and Jeffrey S. Altman of Altman, Deutsch & Shnider, P.A., Sunrise, for appellee/cross-appellant.
PER CURIAM.
The Broward School Board appeals from a final judgment in favor of the plaintiff/appellee, *749 Todd Dombrosky, in a personal injury case. Dombrosky cross appeals from the judgment.
Dombrosky, a student, sued the Broward School Board and presented testimony that he was struck by a golf cart which he alleged was being negligently driven by a teacher, while on school premises, causing injury to Dombrosky's leg. The School Board presented contrary testimony that the accident was due to Dombrosky's own negligence in backing up into the golf cart. The issue of liability was close and hotly contested.
The jury returned a verdict finding the school board to have been negligent and awarding Dombrosky $1672 in damages (less than the unrefuted amount of his medical bills.) Dombrosky filed a motion entitled, "Motion for New Trial (Damages Only) or in the Alternative, Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for Additur." Thereafter the trial court denied Dombrosky's motion for new trial on damages and entered an additur for Dombrosky's medical bills and costs in the total amount of $8,671 dollars. The school board appeals the additur and argues that the trial court impermissibly increased the jury award from $1,672 to $8,671 dollars. Dombrosky cross appeals the denial of his motion for new trial on damages alone.
We address the issue raised in the cross appeal first because we find it dispositive. Dombrosky argues that pursuant to section 768.74, Fla. Stat. (1987)[1] the trial court was required to grant his motion for new trial on the issue of damages alone. Dombrosky relies on cases which suggest that the trial court may enter additur only if the plaintiff has first had the option of having a new trial on the issue of damages. Shalhub v. Andrews Roofing & Improvement Co., Inc., 530 So.2d 1052 (Fla. 3d DCA 1988.)
The school board responds that a new trial on both liability and damages is necessary because the issue of liability was hotly contested. We agree with the school board and reverse and remand for a new trial upon liability and damages.
In Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990) a customer at a do-it-yourself warehouse was injured by falling goods and sued the warehouse for medical bills, future medical care and pain and suffering. The jury found her 90% contributorily negligent. It awarded her only the amount of her past medical bills and nothing for pain and suffering, future medical bills, or loss of earning capacity. On appeal the Fourth District reversed and ruled that only a jury of unreasonable persons would not have compensated her for her pain and suffering and other damages. The court concluded that the jury failed to consider all of the elements of her damages. The court also reversed and remanded for a new trial as to the issue of liability, stating:
When a damage award is clearly inadequate and the issue of liability is hotly contested, such circumstances give rise to a suggestion that the jury may have compromised its verdict.
In Calloway v. Dania Jai Alai Palace, Inc., 560 So.2d 808 (Fla. 4th DCA 1990) this court reversed a judgment entered on a jury verdict. The inadequacy of the damage award combined with the even apportionment of negligence that might have been caused by jury confusion on the liability issue, gave rise to a suggestion that the jury compromised its verdict, thus justifying *750 retrial on damage issue and liability issue:
Retrial is absolutely necessary on the issue of damages. We are also convinced that retrial of the liability issue is warranted in the light of that aspect of the case having been vigorously contested. There were no eyewitnesses to Calloway's fall; she does not know what caused her to trip. Both sides presented conflicting expert testimony. It is highly probable that the jury was unable to decide with certainty who was at fault thus compromising the verdict which evenly apportioned negligence.
See also, Rowland v. Signal Construction Co., 549 So.2d 1380 (Fla. 1989); Rivera v. Aldrich, 538 So.2d 1390 (Fla. 3d DCA 1989). In the instant case there is some suggestion from the hotly contested evidence of liability that the jury may have compromised on the verdict, especially in light of the jury's decision to give a small award of damages to Dombrosky. We remand for a new trial on both the issue of liability and the issue of damages.
REVERSED and REMANDED for further proceedings consistent herewith.
HERSEY, C.J., LETTS, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] Section 768.74, Fla. Stat. (1987) provides:

(1) In any action to which this part applies wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact.
(2) If the court finds that the amount awarded is excessive or inadequate, it shall order a remittitur or additur as the case may be.
* * * * * *
(4) If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only. (emphasis added)