POLEN, Judge.
Daniel Bucci appeals a final judgment entered pursuant to a jury verdict awarding him past and future medical expenses only, in connection with an injury he sustained after falling into a ditch or hole on property being constructed by Auto Builders South Florida, Inc. (Auto Builders). Auto Builders cross-appeals the trial court’s denial of its motion for directed verdict. We reverse and remand for a new trial on liability and damages.
It is uncontradicted Bucci sustained a permanent injury when he fell while walking across a partially constructed Ed Morse auto dealership in Davie, Florida, after his vehicle became disabled late one night. The construction site was not fenced or posted with warning signs, and was not lit. Bucci sustained a permanent impairment of between 5% and 12% of the body as a whole. He received medical care for several years following the accident, and submitted evidence of medical expenses totalling $19,438.15. At the close of Bucci’s case, Auto Builders moved for a directed verdict on the basis that Bucci was a trespasser rather than an uninvited licensee. Its motion, and renewed motion for a directed verdict, were denied.
During deliberations the jury wrote a note to the trial judge stating it wanted to award Bucci money only for his present medical expenses to date. It asked: “How do we assign the percentages of negligence to arrive at the final medical expense amount?” The jury was instructed to follow the instructions given. It returned a verdict finding Auto Builders 20% negligent and Bucci 80% negligent for his injuries. It awarded Bucci $20,000 in past medical expenses and $80,000 in future medical expenses, denying any award of past or future lost earnings or pain and suffering. Bucci did not object to the verdict before the jury was discharged, but filed a motion for new trial, arguing the verdict was inadequate as a matter of law because the jury awarded medical expenses yet failed to award either past or future lost wages or pain and suffering. Bucci’s motion was denied and final judgment was entered in the amount of $20,000.
Bucci cites to several cases where this court and others have found verdicts inadequate as a matter of law, when a jury awards medical benefits but makes no award of general damages such as pain and suffering or lost wages. Auto Builders contends the cited cases are distinguishable because Bucci made no objection before or after the jury’s verdict. This court’s recent opinion in Allstate Insurance Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), provides guidance as to both the issue of waiver and the substantive issue presented.
In Manasse this court reversed a verdict in which the jury found the plaintiff sustained a permanent injury and awarded past noneconomic damages and future medical expenses, without awarding any future noneco-nomic damages. Id. at 780. We noted this court previously determined an award to the plaintiff of all of his medical expenses, and zero damages for past pain and suffering, was inadequate as a matter of law. Id. at 780 (citing Mason v. District Bd. of Trustees, 644 So.2d 160 (Fla. 4th DCA 1994)). Pursuant to Mason, the jury’s failure to award Bucci past noneconomic damages, in light of its award of past medical expenses, renders its verdict inadequate as a matter of law. Regarding the inadequacy of the jury’s verdict caused by its failure to award future noneconomic damages, we certify to the Florida Supreme Court the same question certified in Manasse.
In Manasse we also certified the question of whether a party must object before discharge of the jury in order to preserve appellate review of an inadequate verdict. Manasse, 681 So.2d at 784. We noted the law did not require a contemporaneous objection and request for resubmission of a special verdict, and recognized a question remained whether a different rule should apply where the claim of an inadequate verdict is also based on the jury’s answers to *1389 special interrogatories. Id. As we did in Manasse, we conclude Bucci preserved the issue of an inadequate verdict for review, and again certify the second question certified in Manasse.
This case is remanded for a new trial on both liability and damages, because the issue of liability was hotly contested and the damage award was clearly inadequate. We cannot say the inadequacy of the verdict was induced by the jury’s misconception of the law or failure to consider all elements of damages, rather than the result of a compromise on the issue of liability. Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990). The questions posed during the jury’s deliberations, viewed together with its ultimate award, strongly suggest it reached a compromise verdict.
As to Auto Builders’ cross-appeal, on this record a jury could determine Bucci was an uninvited licensee. Therefore, a jury question existed, which precluded a directed verdict. Bucci’s status was a question of fact to be decided by the jury. Bottita v. Florida Power & Light Co., 534 So.2d 1198, 1199 (Fla. 4th DCA 1989) (explaining the status of the injured party may be either a matter of law to be determined by the trial judge, or a factual issue for the jury, citing Wood v. Camp, 284 So.2d 691, 696 (Fla.1973)). We therefore affirm as to Auto Builders’ cross-appeal.
REVERSED and REMANDED.
PARIENTE and SHAHOOD, JJ„ concur.