712 So.2d 800 (1998)
FOOD LION, Appellant,
v.
Shirley JACKSON, Appellee.
No. 97-1572.
District Court of Appeal of Florida, Fifth District.
June 26, 1998.
*801 Kendall B. Rigdon of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Cocoa, for Appellant.
Jack Perlmutter, P.A., Melbourne, for Appellee.
PETERSON, Judge.
Food Lion appeals an order granting Shirley Jackson's motion for additur or in the alternative, a new trial for damages only. We reverse and remand.
Food Lion attempted to restrict its customers from entering an area in the produce department of its grocery store, where the floor was noticeably wet, by barricading the area. The barricade consisted of a cone with "Wet Floor" and "Caution" printed on it, and a bucket with a mop in it. Ignoring the barricade, Jackson reached behind or walked around it to gain access to some produce and fell to the floor. Asked whether she was hurt immediately after the fall, Jackson said that she felt fine, but was embarrassed. The manager of Food Lion testified that he did not notice any impairment of Jackson's movements after she stood up.
Later, after leaving the store Jackson said that she began feeling discomfort in her neck, back and right leg. She also complained of headaches. She obtained treatment from a chiropractor 27 times but last visited him almost a year prior to the date of trial. The chiropractor predicted Jackson would continue to experience pain in the future as a result of her fall.
The verdict form submitted to the jury provided:
We, the jury, return the following verdict:
1. Was there negligence on the part of the Defendant, FOOD LION, which was a legal cause of damage to Plaintiff, SHIRLEY JACKSON.
YES X NO______
If your answer to Questions [sic] 1 is no, your verdict is for the Defendant and you should not proceed further except to date and sign this Verdict and return it to the Courtroom. If your answer to Question 1 is YES, please continue.
2. Was there negligence on the part of the Plaintiff, SHIRLEY JACKSON, which was a legal cause of her damage?
YES X NO______
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO skip question 3 and answer question 4.
3. State the percentage of any negligence, which was a legal cause of damage to Plaintiff, SHIRLEY JACKSON, that you charge to:
 FOOD LION 90% 
 SHIRLEY JACKSON 10% 
*802
 TOTAL MUST BE 100%
Please answer question 4.
4. What is the total amount (100%) of any damages sustained by Plaintiff, SHIRLEY JACKSON, and caused by the incident in question?
Total damages of Plaintiff, SHIRLEY JACKSON
 $ 2061.80
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the Plaintiff. If you have the Plaintiff negligent in any degree, the Court in entering Judement [sic] will reduce Plaintiff's total amount of damages (100%) by the percentage of negligence which you found is chargeable to the Plaintiff.
Please answer Question 5.
5. What is the present value of any damages sustained by Plaintiff, SHIRLEY JACKSON, and caused by the incident in question?
 $ 2061.80
In using the above verdict form, the parties and trial court ignored the itemization requirements of section 768.77, Florida Statutes (1995); only one line was provided for a composite of all damages rather than setting forth separate amounts for past economic and non-economic losses, and future economic and non-economic losses. The jury found the damages to be $2,061.80, the exact amount placed in evidence as Jackson's past medical damages. During their deliberations, the jury asked two questions which could only be interpreted as evidence of the intent to award Jackson only her past medical expenses without damages for pain and suffering.[1] The questions were:
1) How can we give Shirley Jackson medical expenses only of $2,061.80? What should we put in number four and number five in order to do this?
2) If we award $2,061.80 to the plaintiff in both four and five, can we not answer number three? Or how do we answer number three in order for her to get that exact amount?
Both parties agreed with the court to answer the questions as follows:
1) You [the jury] may insert the medical expenses figure contained in your note in numbers four and five.
2) If you award $2,061.80 to the Plaintiff on numbers four and five, you may answer number three, "Food Lion100%" for her to get that exact amount.
Post-trial, Jackson filed a motion for additur which the trial court granted in the amount of $5,000. The trial court, in the same order granting additur, ordered a new trial on the issue of damages if Food Lion did not agree with the additur. Food Lion appeals from this order and asks that the jury verdict be reinstated or in the alternative, that we remand for a new trial on the issue of both liability and damages.
Food Lion first contends that Jackson's failure to request an itemized verdict requires reinstatement of the jury's verdict. We reject that argument in view of the opportunities given to all of the parties to complain about the noncompliance with the verdict form required by section 768.77.
The instant case is very similar to Broward County School Board v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991), in which the fourth district remanded for a new trial on damages and liability while recognizing the provisions of section 768.74, Florida Statutes (1987), require that the adverse party be given the choice of accepting the amount of the additur or a new trial on damages only. The Dombrosky court concluded that a new trial on both liability and damages was warranted because there was some suggestion from the hotly contested evidence of liability that the jury may have compromised on the verdict in light of the small amount of damages awarded to the plaintiff. See also, Bucci v. Auto Builders South Florida, Inc., 690 So.2d 1387 (Fla. 4th *803 DCA 1997) (jury's award for past medical expenses only, viewed together with note that jury sent to court during deliberations, in which jury indicated that it wanted to award damages only for present medical damages to date, and in which jury asked how to assign percentages of negligence to arrive at final medical expense amount, strongly indicated that jury compromised verdict; thus, case was remanded for new trial on both liability and damages).
In the instant case, the questions from the jury and the verdict convey a strong indication of compromise on the issue of liability when it awarded Jackson her medical expenses without considering non-economic damages. We, accordingly, choose to follow Dombrosky in remanding for a new trial on both liability and damages. We also recognize that section 768.74 instructs that the adverse party be given the choice of accepting the amount of additur or a new trial on damages only, but we do not believe that the legislature intended to preclude a court from ordering a new trial on both damages and liability where the jury compromised the verdict.
The order requiring Food Lion to choose between additur or a new trial on damages only is reversed and we remand for a new trial on both issues of liability and damages.
REVERSED and REMANDED.
GOSHORN, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent. I would relinquish jurisdiction to the trial court for compliance with section 768.74, Florida Statutes. Plaintiff Shirley Jackson should be given the opportunity to accept the additur, and, if Food Lion, the party adversely affected, does not agree to the additur, the trial court should order a new trial on damages alone, as required by the statute. § 768.74(4), Fla. Stat. That order would be an appealable order and would allow this court to apply "long-standing principles applicable to the granting of new trials on damages." Poole v. Veterans Auto Sales and Leasing Co., Inc., 668 So.2d 189, 191 (Fla.1996) (Poole I); Fla. R. Civ. P. 1.530(f). Food Lion should not be given an opportunity for a second bite at the liability apple because it neither complied with the statute nor filed a motion for a new trial pursuant to rule 1.530(a), Florida Rules of Civil Procedure.
First, I think this case's appearance in this court is premature. After the verdict was returned by the jury, Jackson moved for additur or in the alternative a new trial on damages. The trial court granted the motion after a contested hearing, but neither entered an order granting a new trial on damages nor a final judgment for $7,061.80, representing the jury verdict plus the additur. The trial court's order stated: "[Jackson] is awarded an additional sum of $5,000. If [Food Lion] does not agree to the additur, then [Jackson's] Motion for New Trial on Damages is GRANTED." Food Lion did not accept or reject the additur, but simply appealed the order. I question the jurisdictional basis for this appeal. Although Rule 9.110(a)(4), Florida Rules of Appellate Procedure, authorizes review of an order granting a new trial, it does not authorize review of an order that conditionally grants a new trial.
In Veterans Auto Sales and Leasing Co., Inc. v. Poole, 649 So.2d 264 (Fla. 5th DCA 1995) (Poole II), the defendant rejected the additur and the trial court ordered a new trial. On appeal, this court considered whether the trial court exceeded its authority by granting the additur, and this court affirmed the additur in part and reversed it in part. Id. at 267. In Poole I, the supreme court discussed the impact of a defendant refusing an additur and then appealing the order granting a new trial. The supreme court wrote:
At the outset, it appears that the district court of appeal overlooked the significance of the fact that Veterans refused the additur. Therefore, the only issue before the court below [the district court] was the propriety of the order granting a new trial. We know of no authority which would allow an appellate court to even address the propriety of an additur, much less approve *804 one part of it but disapprove another, when the additur had been refused.
Poole I, 668 So.2d at 191.
If an appellate court can only consider the motion for new trial and not the additur when it has been rejected, how then can an appellate court consider both? By entertaining this appeal and granting a new trial on liability and damages, we reward Food Lion's non-compliance and essentially gut the remedies of the remittitur and additur statute. The purpose of the remittitur and additur statute is to see "that awards of damages be subject to close scrutiny by the courts and that all such awards be adequate and not excessive." See § 768.74, Fla. Stat. (1997). We have no authority to deprive the trial court of the opportunity to scrutinize the verdict and order a new trial if appropriate. More significant, we should not allow the adversely affected party to appeal more than it could have if the additur had been declined.
Second, assuming this court has jurisdiction to review this nonfinal order, I do not agree that liability should be retried because Food Lion, although it makes that contention here, did not preserve the issue for appeal by raising it below. The jury verdict was returned and filed in open court on 18 February 1997. Rule 1.530(a), Florida Rules of Civil Procedure, allows any party to file a motion for new trial on "all or a part of the issues" heard by a jury. Rule 1.530(b) requires that the motion for new trial be served within 10 days of the return of the jury verdict. Food Lion neither filed nor served a motion for new trial. Furthermore, since Jackson did not file her motion for additur until 27 February 1997, Food Lion could have followed her motion with its own. If Food Lion had filed a motion for new trial, the trial court could have ruled on the issue and Food Lion would have preserved the issue for appeal.
If the trial court had granted the motion for new trial on both issues of liability and damages, it would have been required to specify the grounds for granting the motion thus providing a basis for appellate review if Jackson chose to appeal the ruling. See Rule 1.530(f); Hawk v. Seaboard System R.R., Inc., 547 So.2d 669 (Fla. 2d DCA 1989); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). Once the court granted the motion for additur, or in the alternative a new trial on damages only, Food Lion should have rejected the additur, allowed the trial court to enter an order and then appealed the order for new trial on damages only. Because Food Lion did not preserve the issue of liability by presenting it to the trial court, it should not be allowed to raise the issue on appeal. See Dober v. Worrell, 401 So.2d 1322 (Fla.1981).
Third, Food Lion argues that a new trial on liability and damages is appropriate because the case was "hotly contested" and that therefore the jury verdict finding it 90% negligent was a compromise verdict. It cites Broward County School Bd. v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991) to support its argument. Dombrosky can be distinguished. In Dombrosky, the jury returned a verdict in a personal injury case for less than the amount of his unrefuted medical expenses. The plaintiff filed a motion for new trial on damages only, or, in the alternative, for additur. The trial court granted the motion for additur, and awarded the plaintiff an additional $7,000. The defendant appealed the additur and the plaintiff cross-appealed the denial of his motion for new trial on damages only. The parties in Dombrosky complied with the additur statute and the appellate court was concerned that the verdict was not supported by the facts. The record in this case does not support the argument that the case remained hotly contested after jury deliberations began. In fact, Food Lion stipulated that it was 100% negligent which contradicts its appellate argument that the case was hotly contested.
This is a straightforward slip and fall case. After all of the testimony was presented, the lawyers for the litigants stipulated during jury deliberation that in order for the jury to return a verdict of $2,061.80, the jury should write that Food Lion was "100%" negligent. In order to answer a jury question, the trial court asked both attorneys for their responses to a jury question:
THE COURT: `Got another question, gentlemen: "If we award $2061.80 to the *805 Plaintiff in both four and five, can we not answer number three? Or, how do we answer number three in order for her to get that exact amount?" Let me see your form again, please.
DEFENDANT: Number three is dividingwhere they put the percentage of comparative negligence for each.
THE COURT: Anybody have a suggestion?
PLAINTIFF: Well, we'd be telling them what to do on negligence. They would have to put 100%.
DEFENDANT: Should we read the comparative negligence instruction to them?
PLAINTIFF: That's probably proper.
THE COURT: Well
DEFENDANT: We can tell them to stop asking questions.
THE COURT: What does the Plaintiff propose?
PLAINTIFF: Well, the easiest thing to do is tell them 100%. We know what we're going to get. But I don't know if that's the proper thing to do.
THE COURT: Well, if you agree to it, that would be the simple solution. I think it's clear from the jury's notes their desire and what their verdict really is. If you agree to that, we could do it that way.
PLAINTIFF: That's up to Mr. Alexander with 100%.
DEFENDANT: I will agree to that, if
THE COURT: If?
DEFENDANT: If they're going to put $2,061.80 in four and five, then I will agree to have them put 100% for Food Lion in number three under comparative negligence, mostly to avoid the possibility of a math error if we send them back to try to figure out what to do; however, I'm afraid of a math error coming back if something is different.
PLAINTIFF: I think probably you ought toproperly probably ought to read the comparative negligence instruction again.
THE COURT: Alright. The question again is, "If we award $2061.80 to the Plaintiff in both four and five, can we not answer number three? Or, how do we answer number three in order for her to get that exact amount?"
If you award $2061.80 to the Plaintiff on numbers four and five, you may answer number three, "Food Lion 100%" for her to get that exact amount.
PLAINTIFF: That's fine.
DEFENDANT: Could I hear it one more time?
THE COURT: If you award $2061.80 to the Plaintiff on numbers four and five, you may answer number three, "Food Lion100%" for her to get that exact amount.
DEFENDANT: Yes, sir.
THE COURT: And please return that to the jury. And here's your verdict form again, Mr. Alexander.
It appears that Food Lion admitted that it was 100% negligent up to $2,061.80, yet feels it is not a contradiction to argue on appeal that it was not at all negligent and that the verdict was a result of compromise. It was known to all the parties that the jury wanted to return a verdict for a specific dollar amount. In order to reach that dollar amount, Food Lion stipulated to being negligent. It is disingenuous for Food Lion to argue that it is entitled to a jury trial on liability and damages when it has stipulated to being 100% negligent. This case may have started as hotly contested, but it certainly was not after the stipulation.
We should relinquish jurisdiction to the trial court to enter an appealable order either a final judgment or an order granting a new trial on damages alone. Although this will require additional time, the matter could have been resolved sooner if the lawyers had provided the trial court with a correct verdict form, objected to the verdict at the time it was returned or waited until an order for a new trial on damages alone had been rendered, or stipulated to an additur. If returned for a jury trial, certainly it will take *806 as long as returning the case for the rendition of an appealable order.
NOTES
[1] Food Lion did not raise the issue of Jackson's failure to object to the apparent inadequacy of the verdict before the jury was discharged so as to give the jury the opportunity to correct any error. See Bucci v. Auto Builders South Florida, Inc., 690 So.2d 1387 (Fla. 4th DCA 1997) and Allstate Insurance Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), decision quashed on other grounds, 707 So.2d 1110 (Fla. 1998).