927 So.2d 997 (2006)
Pearlie ROCHELLE, as personal representative of the estate of Clifford E. Jones, Jr., deceased, Appellant,
v.
STATE of Florida, DEPT. OF CORRECTIONS, Galina Kats-Kagan, Frank McHugh, Joan Nabors, and Alexander Porter, Appellees.
No. 1D05-1010.
District Court of Appeal of Florida, First District.
April 11, 2006.
Rehearing Denied May 12, 2006.
Charles Barfield, Esq. of the Law Offices of Charles A. Barfield, Orlando; J. *998 Scott Murphy, Esq., Allen & Murphy, P.A., Maitland, for Appellant.
John D. Buchanan, Jr., Esq. and Laura Beth Faragasso, Esq., Henry, Buchanan, Hudson, Suber & Carter, P.A., Tallahassee, for Appellees.
LEWIS, J.
Appellant, Pearlie Rochelle, appeals an Order Granting Motion for New Trial, or, In the Alternative, Remittitur, an Order Denying Disqualification, and an Order on Plaintiff's Renewed Motion for Sanctions, Including Striking of All Defenses. Appellant raises four issues on appeal, only one of which merits discussion. Appellant contends that the trial court erred in ordering a remittitur because the verdict was not excessive. Although we disagree with this argument, we agree with appellant's alternative contention that the trial court erred in ordering a new trial on both liability and damages after the remittitur was rejected. We, therefore, reverse the Order Granting Motion for New Trial, or, In the Alternative, Remittitur and remand. We affirm the other orders on appeal without further discussion.
Appellant, as the personal representative of the estate of her son, Clifford E. Jones, Jr. ("the decedent"), a former inmate of the Jackson Correctional Institution ("JCI"), filed suit against appellees as a result of the decedent's death, which occurred after he had been in JCI's infirmary. In Count III, the pertinent count for purposes of this appeal, appellant asserted a wrongful death claim against appellee the Department of Corrections ("Department"). Following a ten-day trial, the jury found that the Department, through its medical staff, was negligent in caring for the decedent and that the negligence was the legal cause of the decedent's death. The jury awarded the decedent's daughter $3 million in non-economic damages. The Department moved for a new trial or, in the alternative, a remittitur. In the Order Granting Motion for New Trial, or, In the Alternative, Remittitur, the trial court found in part that the damages award was shocking and was wholly unsupported by the record. The court granted the alternative motion for remittitur in the amount of $250,000 for non-economic damages and $6,200 for funeral expenses but noted that "[i]n the event Plaintiff rejects the remittitur, Defendant's Motion for New Trial is granted." This appeal followed.
We begin by rejecting appellant's argument that the trial court abused its discretion in ordering a remittitur. Given the lack of evidence in this case concerning damages, the trial court was well within its discretion in determining that the verdict was excessive.
We agree, however, with appellant that once a remittitur is rejected, a trial court may order a new trial on damages only. Upon proper motion, it is a trial court's responsibility to review the amount of a damages award to determine if it is excessive or inadequate in light of the facts and circumstances that were presented to the jury. § 768.74(1), Fla. Stat. (2001). Once a trial court determines that a damages award is excessive, it must order a remittitur. § 768.74(2), Fla. Stat. (2001). "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." § 768.74(4), Fla. Stat. (2001) (emphasis added); see also Rowlands v. Signal Constr. Co., 549 So.2d 1380, 1382 (Fla.1989) (noting that a remittitur is proper in cases where liability clearly exists but where the damages award is excessive).
Appellees rely upon Food Lion v. Jackson, 712 So.2d 800 (Fla. 5th DCA 1998), in *999 support of their argument that a new trial on liability and damages is warranted. There, the Fifth District reversed an order granting the appellee's motion for additur or, in the alternative, a new trial on damages only. 712 So.2d at 801. The Fifth District reasoned that the questions from the jury and the verdict conveyed a strong indication of compromise on the issue of liability when it awarded the appellee medical expenses without considering non-economic damages. Id. at 802. While recognizing that section 768.74(4) prescribes that a trial court order a new trial on damages only when an additur or remittitur is rejected, the Fifth District explained that it did not believe that the "legislature intended to preclude a court from ordering a new trial on both damages and liability where the jury compromised the verdict." Id. at 803; see also Broward County Sch. Bd. v. Dombrosky, 579 So.2d 748, 750 (Fla. 4th DCA 1991) (remanding for a new trial on liability and damages notwithstanding the ordering of an additur because there was some suggestion from the hotly contested evidence of liability that the jury may have compromised on the verdict given the jury's decision to award a small damages award).
As appellant argues, Jackson is distinguishable from the instant case. Jackson addressed an additur rather than a remittitur. Jury compromise may occur when certain jurors agree to find liability as long as the damages award is small, which may lead to an additur being ordered. However, in a case such as this where a remittitur is ordered because a jury returns an excessive verdict, the concern regarding a possible compromised verdict does not exist. As such, appellees' reliance upon Jackson for the proposition that a new trial on liability and damages is appropriate in this case is misplaced.
Accordingly, we reverse the Order Granting Motion for New Trial, or, In the Alternative, Remittitur and remand for further proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
WEBSTER and DAVIS, JJ., concur.