On Motion fob Clarification
 

 POLEN, J.
 

 On motion for clarification, we withdraw our slip opinion dated July 22, 2009, and substitute the following amended opinion. We deny appellant’s motion for rehearing and rehearing en banc.
 

 Appellant, Cooper Tire and Rubber Company, appeals the trial court’s final judgment awarding Appellee, Tavilia Pierre, $755,000 in damages. Pierre initiated the underlying lawsuit against Cooper after her husband, Louissaint Pierre, was killed in a car accident allegedly caused by a defective tire manufactured by Cooper. Though Cooper advances many arguments on appeal, we write only to address the issue of whether the jury verdict was illegally compromised. For the following reasons, we hold that it was not, and affirm.
 

 On June 5, 2005, Louissaint and three of his friends were travelling from Belle Glade, Florida to Georgia in Louissaint’s 1993 Toyota Previa. Louissaint’s friend and co-worker, Johnny Telusme, was driving the vehicle. As they approached Lake City, near Tallahassee, on 1-10, they were travelling at about 70 miles per hour. Suddenly, there was a loud noise, the subject Cooper tire having separated, and the vehicle pulled violently to the left. The vehicle dove left, turned right, crossed several lanes, went through the grass, rolled onto its side, and collided with a metal signpost. Both Louissaint and Telusme were killed in the accident. Cooper’s liability was vigorously contested.
 

 Following an eight-day trial and extensive expert testimony, the jury began deliberating around 12:30 p.m. on Thursday, March 20. At 5:15 p.m., the jury advised the court that it was having difficulty reaching a consensus. The trial judge gave the jurors the option of leaving for the day and returning the following morning or continuing their deliberations into the evening. The jury resumed deliberations at 5:47 p.m. At 8:00 p.m., after sending out several questions and requesting exhibits, the jury once again informed the court that it was in the same position as it was when deliberations began.
 

 The trial judge spoke with the attorneys about giving an
 
 Allen
 
 charge. The court ultimately decided that such a charge was premature, and never revisited the issue. An
 
 Allen
 
 charge was never given to the jury. The jurors chose not to return to deliberate on Friday, and advised the court that they would return on Monday but were doubtful they would reach a resolution even then.
 

 The jurors returned to deliberate at 10 a.m. on Monday morning, and by 11:30 a.m. returned with a verdict for Tavilia Pierre. The jury found that a manufacturing defect existed in the subject tire. The jury determined that Cooper was 50% responsible, Telusme (the driver) was 35% responsible, and Louissaint was 15% responsible. The jury awarded Pierre damages in the amount of $1,000,000, awarded each of Louissaint’s five children damages in the amount of $100,000, and awarded the family $10,000 for funeral expenses. At Cooper’s request, the trial judge polled the jury, and each juror, including the foreperson, claimed that the verdict was his/her own.
 

 Ten days after the trial concluded, the jury foreperson filed an affidavit stating
 
 *702
 
 that the jury had negotiated the verdict. The affidavit explained that the jury was divided 3-3 throughout the process of deliberation, but on Monday morning the three jurors who thought Cooper should not be held liable agreed to find Cooper 50% liable if the other three jurors would agree to decrease the award of damages. The foreperson explained that the jury reached a verdict on the sole basis of the compromise, and that without the compromise, she believed they would have been a hung jury. Cooper filed separate motions for a directed verdict, for a new trial, and to interview the jurors, and the trial court denied all three motions. Cooper now timely appeals the trial court’s order denying its motion for a new trial.
 

 A trial court’s denial of a new trial for alleged improprieties in the verdict is reviewed for an abuse of discretion.
 
 State v. Hamilton,
 
 574 So.2d 124, 126 (Fla.1991). “Jury compromise may occur when certain jurors agree to find liability as long as the damages award is small.... ”
 
 Rochelle v. State Dept. of Corr.,
 
 927 So.2d 997, 999 (Fla. 1st DCA 2006).
 

 In
 
 Devoney v. State,
 
 717 So.2d 501 (Fla.1998), the Florida Supreme Court reiterated the guidelines to determine when inquiry into jury deliberations is proper:
 

 [ Affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror’s breast.
 

 Id.
 
 at 502 (quoting
 
 Marks v. State Road Dep’t,
 
 69 So.2d 771, 774-75 (Fla.1954)).
 

 What allegedly occurred during jury deliberations in the present case does not rise to the level of reaching a verdict by aggregate or by lot. The jury negotiated a verdict by means of normal give and take, and the foreperson’s affidavit stating that two groups of jurors reached a compromise regarding the amount of damages and proportional liability merely recounts a matter that inheres in the verdict.
 

 As the
 
 Devoney
 
 court noted,
 

 Imperfect as it may be, in a free country such as ours, the jury system continues to be the finest method ever devised for the resolution of disputes. To permit jury verdicts to be impugned in the manner advocated [in this case] would sow the seeds for the destruction of that system.
 

 Id.
 
 at 505. Based on the foregoing, we hold that the trial court did not abuse its discretion in denying Cooper’s motion for a new trial.
 

 Affirmed.
 

 FARMER and GERBER, JJ., concur.