KELLY, Judge.
 

 In this appeal from a final judgment, Daron Meyer challenges the order dismissing his claims for specific performance of a contract, the summary judgment dismissing his claim for equitable estoppel, and the denial of his motion for new trial. We reverse and remand for a new trial.
 

 Victor Meyer, Daron’s father, owned and operated a tropical fish farm in Hills-borough County. According to Daron, his father expressed an interest in selling the business to him. Daron prepared a contract to buy the business and presented it to his father. He quit his job to operate the fish farm, began making monthly payments toward the purchase price, and assumed responsibility for the financial obligations of the business. In return, he expected his father to execute a quitclaim deed as required by the contract. Ultimately, Victor refused to do so.
 

 Daron filed suit for breach of contract and specific performance. Victor moved to dismiss the claims for specific performance arguing they were barred by the statute of limitations. The trial court agreed and dismissed the specific performance counts in the initial and the amended complaints. Daron filed a third amended complaint again alleging claims for breach of contract and specific performance; however, in the specific performance counts, he alleged that Victor made “promises and misrepresentations” to induce him to forego instituting legal action. He also included a count titled “equitable estoppel” in which he alleged that he had relied on “promises and misrepresentations” to his detriment.
 

 Victor again moved to dismiss the specific performance counts based on the statute of limitations and the claim for equitable estoppel based on the failure to state a cause of action. At the hearing on the motion to dismiss, Daron admitted that the one-year statute of limitations for specific performance had run, but he argued that the doctrine of equitable estoppel precluded his father from asserting it as a defense to the claims of specific performance. Citing the tolling statute, section 95.051, Florida Statutes (2005), the trial court dismissed those claims with prejudice because equitable estoppel was not one of the statutorily authorized grounds for tolling a limitation period. Victor then moved for summary judgment on the equitable estop-
 
 *42
 
 pel count arguing that it was an affirmative defense, not a cause of action. The trial court agreed and dismissed the equitable estoppel count for failure to state a cause of action.
 

 The case proceeded to trial on Daron’s breach of contract claims.
 
 [1]
 
 Although the jury found that Daron and Victor had a valid written contract and that Victor had breached the contract, it awarded zero damages. Daron moved for a new trial arguing that the verdict was against the manifest weight of the evidence and was inadequate as a matter of law. The trial court denied the motion, and this appeal followed.
 

 Daron first contends the trial court erred when it rejected his equitable estoppel defense and instead looked to the tolling statute to determine whether his claims for specific performance were barred by the statute of limitations. The doctrine of equitable estoppel acts as a bar to a statute of limitations defense.
 
 Major League Baseball v. Morsani,
 
 790 So.2d 1071 (Fla.2001);
 
 see also Fla. Dep’t of Health & Rehabilitative Servs. v. S.A.P.,
 
 835 So.2d 1091, 1096 (Fla.2002) (“The pre-clusive effect of the statutes of limitation can be deflected by various legal theories, including the doctrine of equitable estop-pel.”). “Equitable estoppel presupposes a legal shortcoming in a party’s case that is directly attributable to the opposing party’s misconduct. The doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct.”
 
 Morsani,
 
 790 So.2d at 1077. “Equitable estoppel ... does not ‘toll’ anything. By definition ... equitable estop-pel ‘estops’ or bars a party from asserting something (e.g., a fact, a rule of law, or a defense) that he or she otherwise would be entitled to assert.”
 
 Id.
 
 Its application is “wholly independent” of the statute of limitations and its tolling provisions.
 
 See id.
 
 at 1079-80. Thus, the trial court erred when it relied on the tolling statute to determine whether Daron’s claims for specific performance were barred by the statute of limitations.
 

 Victor nevertheless argues that we should affirm because Daron did not allege sufficient facts to raise a defense of equitable estoppel. “In some circumstances, even though a trial court’s ruling is based on improper reasoning, the ruling will .be upheld if there is any theory or principle of law in the record which would support the ruling.”
 
 Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999). We conclude that the record in this case will not permit us to affirm on this alternate basis. At the hearing on the motion to dismiss, Victor’s counsel acknowledged that the allegations in the third amended complaint were probably adequate to raise an equitable estop-pel defense. Because the adequacy of the allegations was not in issue, Daron had no opportunity to argue they were adequate or, alternatively, to proffer additional facts. If we were to review the allegations now and affirm the trial court’s dismissal, our decision would operate to deprive Daron of an opportunity to attempt to cure any alleged deficiencies. Under these circumstances we conclude that it is not appropriate to affirm on the basis suggested by Victor.
 
 See Robertson v. State,
 
 829 So.2d 901, 908-09 (Fla.2002) (explaining that affirming based on an alternate ground that was not at issue in the trial court was improper where it operated to deprive a party of the opportunity to present evi
 
 *43
 
 dence and argument on the matter). On remand, Victor may challenge the sufficiency of the allegations, and if the court finds they are deficient, Daron should have an opportunity to cure the deficiency.
 

 Daron next contends that the trial court erred when it dismissed his claim for equitable estoppel. Relying in part on the same factual allegations he asserted in his claims for specific performance, Daron attempted to plead equitable estoppel as a cause of action. “In this state, equitable estoppel is a defensive doctrine rather than a cause of action.”
 
 Agency for Health Care Admin. v. MIED, Inc.,
 
 869 So.2d 13, 20 (Fla. 1st DCA 2004). “Florida has long recognized that ‘[ejquita-ble estoppel is not designed to aid a litigant in gaining something, but only in preventing a loss.’ ”
 
 Id.
 
 (quoting
 
 Kerivan v. Fogal,
 
 156 Fla. 92, 22 So.2d 584, 586 (1945)). Because Daron’s count for equitable estoppel was a claim for affirmative relief rather than an attempt to avoid potential defenses, the trial court correctly concluded that it failed to state a cause of action.
 

 Finally, Daron contends he is entitled to a new trial on his breach of contract claim because the jury’s zero verdict was inadequate. We agree. This court has previously noted that a zero verdict will be upheld if, based on the evidence, the jury could reasonably conclude that the plaintiff sustained no damages.
 
 Sur. Mortgage, Inc. v. Equitable Mortgage Res., Inc.,
 
 534 So.2d 780 (Fla. 2d DCA 1988). On appeal, Victor has not been able to point to evidence that would have permitted the jury to award zero damages. Instead, he points to conflicting evidence regarding the value of the property and the business. While such conflicting evidence might have permitted the jury to choose between alternative damage figures, it does not justify an award of zero damages. Where a jury awards no damages despite uncontradicted evidence establishing more than nominal damages, the award is inadequate and must be reversed.
 
 Id.
 

 Accordingly, we reverse the final judgment on Daron’s claims for breach of contract and we remand for further proceedings consistent with this opinion. We affirm the final judgment on Victor’s counterclaim.
 

 Reversed in part, affirmed in part, and remanded.
 

 CASANUEVA, C.J., and WALLACE, J., Concur.
 

 [1]
 

 . Daron's father had asserted a counterclaim that was also submitted to the jury. He did not prevail on the counterclaim, and he did not file a cross-appeal from the final judgment.