McCANN, JAMES, W., Associate Judge.
 

 This case involves a complaint for breach of contract brought by Duan Clayton Smith against Clarendon National Insurance Company (“Clarendon”) for failure to pay health insurance benefits under a policy issued pursuant to the Florida Healthy Kids Corporation Act (Florida Statutes § 624.91). The case proceeded to trial on a single count for breach of contract seeking, as damages, the amount of unpaid medical bills incurred by Smith as a result of injuries he sustained after being shot several times by a police officer with the Town of Jupiter Police Department. Clarendon denied coverage on the basis of a felony exclusion clause in the policy which stated, in pertinent part: “No benefits will be paid for any expenses caused by, incurred for or resulting from: ... 24. Engaging in ... any act which would constitute ... a crime punishable as a felony.”
 

 In addition to the felony exclusion clause, Clarendon also contested the amount of damages, including the total amount of medical bills; the amount paid; total amount due; and whether Smith was owed anything under the policy.
 
 [1]
 

 While numerous errors involving evidentiary rulings and jury instructions are raised on appeal, all of them related to the issue of whether there was a breach of contract. The jury returned a verdict finding that Clarendon breached its contract with Smith. Accordingly, any perceived errors in the trial court’s rulings relating to the breach of contract issue are rendered harmless.
 

 The jury rendered a zero verdict on damages, which Smith contends was the result of a compromise verdict requiring a new trial. However, Smith confuses a compromise verdict with an inconsistent verdict, and the cases cited in his brief are distinguishable and entirely inapposite when applied to the facts of this case.
 

 Smith cites
 
 Street v. H.R. Mortgage & Realty Company,
 
 949 So.2d 1158 (Fla. 4th DCA 2007), in support of his contention that a zero verdict in this case suggests a compromise verdict was reached by the jury. In
 
 Street,
 
 both parties agreed the damages award was clearly inadequate as the contract provided for a $550,000 commission and the jury awarded only $375,000. In contrast, it cannot be said that the damage award was clearly inadequate in this case because Smith, the only witness to testify about damages, did not know the amount of his unpaid medical bills. His testimony was anything but clear. In fact, numerous discrepancies were pointed out in the evidence including bills with another patient’s name on them, and the largest bill from St. Mary’s indicated a payment was made by insurance leaving only a small balance.
 

 In
 
 Madsen, Sapp, Mena, Rodriguez & Company, P.A. v. Leaman,
 
 686 So.2d 780 (Fla. 4th DCA 1997), another case cited by Smith, there was ample evidence of a clearly inadequate verdict con
 
 *694
 
 trary to the evidence and the law. This Court concluded that the clearly inadequate damage award in combination with the contested liability issue and the series of questions posed during the jury’s deliberations caused the conclusion that the jury compromised its verdict. It is the combination of two factors: (1) hotly contested liability; and (2) legal inadequacy of damages, that is common to all compromise verdict cases.
 
 [2]
 

 While the instant case also involved several questions and notes from the jury during deliberations, including a note stating they were deadlocked, as well as hotly contested liability, there is still no evidence of a clearly inadequate verdict. In fact, there was evidence from which a jury could have reasonably concluded that Smith sustained zero damages.
 

 “It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting evidence exists concerning damages and reasonable men could believe that the plaintiff sustained no damages, a zero verdict will be upheld.”
 

 Surety Mortgage, Inc. v. Equitable Mortgage Res., Inc.,
 
 534 So.2d 780, 781 (Fla. 2d DCA 1988);
 
 see also Steinbauer Assocs., Inc. v. Smith,
 
 599 So.2d 746 (Fla. 3d DCA 1992).
 

 The jury had both the contract between Clarendon and the Florida Healthy Kids Corporation (“FHKC contract”) and the MEMBER HANDBOOK containing the policy provisions in evidence. One of the provisions of the Member Handbook entitled “Health Benefit Assignment” stated the following:
 

 All benefits payable for a Covered Child shall be paid,
 
 with or without an assignment from the Covered Child,
 
 to the Hospitals or Providers.
 
 Such benefits shall be payable for expenses incurred for services and supplies provided to the Covered Child if proper claim is submitted by the Hospital or Provider.
 
 However, no benefits shall be paid to the Hospital or Provider if such benefits have been paid by the Covered Child prior to receipt of claim by the company from such Hospital or Provider.... In no event will the company pay benefits for the same services or supplies to both the Covered Child and the Hospital or Provider,
 
 [e.s.]
 

 Reasonable jurors could believe that Smith had not sustained any damages; that the medical providers would be paid by Clarendon pursuant to the MEMBER HANDBOOK upon their finding of a breach; and that he had not personally paid any of his medical bills which would require a damage award in his favor in a like amount. Simply stated, Smith had not proven by substantial competent evidence to the satisfaction of this jury that he sustained any damages. None of the jury’s questions, alone or considered together, indicate that this was a compromise verdict. Further, there is no agreement by both parties that there was only one correct measure of damages; nor is the zero damages award clearly inadequate and contrary to the evidence and the law as in the cases cited by Smith.
 

 While Florida jurisprudence is replete with
 
 examples
 
 of compromise verdicts that are characterized by the common elements of hotly contested liability and legal inadequacy of damages, the Supreme Court of Connecticut has recently reiterated its longstanding
 
 definition
 
 of a compromise verdict:
 

 “A compromise verdict is a ‘verdict which is reached only by the surrender
 
 *695
 
 of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel,’ and, as such, is not permitted.”
 

 Monti v. Wenkert,
 
 287 Conn. 101, 947 A.2d 261, 270 (2008) (quoting
 
 Murray v. Krenz,
 
 94 Conn. 503, 109 A. 859, 861 (1920)).
 

 On the facts of this case, it cannot be argued that the jury verdict reached on the issues of liability and damages necessarily evinces the surrendering of conscientiously held opposing convictions upon those two issues by jurors, which resulted in a verdict that was not approved by the entire panel. Indeed, the jury was polled after its verdict; and each confirmed their verdict.
 

 Moreover, this Court has recently clarified the difference between a jury verdict reached by an illegal compromise, and a jury verdict reached by an entirely appropriate compromise of viewpoints which inheres in the verdict and as such, is not subject to post-trial scrutiny. We stated in
 
 Cooper Tire & Rubber Co. v. Pierre,
 
 18 So.3d 700 (Fla. 4th DCA 2009):
 

 “What allegedly occurred during jury deliberations in the present case does not rise to the level of reaching a verdict by aggregate or by lot. The jury negotiated a verdict by means of normal give and take, and the foreperson’s affidavit stating that two groups of jurors reached a compromise regarding the amount of damages and proportional liability merely recounts a matter that inheres in the verdict.”
 

 Id.
 

 This Court defined an inconsistent verdict in
 
 Crawford v. DiMicco,
 
 216 So.2d 769, 771 (Fla. 4th DCA 1968) as follows:
 

 “Where the findings of a jury’s verdict in two or more respects are findings ■with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict. In such circumstances, contradictory findings mutually destroy each other and result in no valid verdict, and a trial court’s judgment based thereupon is erroneous.”
 

 In other words, an inconsistent verdict is when two findings of fact are mutually exclusive. A verdict is not necessarily inconsistent simply because it fails to award enough money or, as here, no money at all. Under such circumstances, there may be an issue as to the adequacy of the award, but not its inconsistency with any other award contained within the verdict. We need not reach the question of whether the verdict was inadequate, as that issue has not been preserved for appeal.
 

 Finding no error in any of the other issues raised by appellant in the initial appeal, or appellee in the cross-appeal, the decisions of the trial judge are affirmed without further discussion.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . Smith filed a personal injury lawsuit against the Town of Jupiter Police Department and collected $695,000 in a settlement approved by court. The settlement included the payment of all Smith’s outstanding medical bills (after reductions negotiated by his attorneys with each of the health care providers). This is the subject of Clarendon’s Motion for Summary Judgment, which was denied and is the subject of Clarendon’s cross-appeal.
 

 [2]
 

 . If Clarendon was also arguing on this appeal (or cross-appeal) that the verdict was clearly inadequate in order to get a new trial on the breach of contract issue, a different result might be reached on this point.