DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BLUE WATER COAST SERVICES, LLC** and **JACQUELINE HYATT,**
Appellants/Cross-Appellees,

v.

**DWIGHT MAIZE,**
Appellee/Cross-Appellant.

No. 4D2022-2522

[April 17, 2024]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE16-017402.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellants/cross-appellees.

Sahily Picon, Wellington, for appellee/cross-appellant.

ARTAU, J.

This is an appeal and cross-appeal from an order granting Dwight Maize ("Maize") a new trial on his deed rescission claim against Blue Water Coast Services, LLC ("Blue Water") and Jacqueline Hyatt ("Hyatt"). The trial court determined that the jury's verdict was legally inconsistent and therefore granted a new trial. We reverse because the jury's findings on its verdict form were not inconsistent or fatally in conflict as a matter of law.

## Background

Maize sued Blue Water and Hyatt seeking damages for asserted breach of an oral property management contract and rescission of two deeds that were allegedly procured by fraud.

Maize did not commence his action against Blue Water and Hyatt until September 20, 2016, more than four years after signing the deeds for which he sought recission. Blue Water and Hyatt asserted among their affirmative defenses that Maize's claims were barred by the running of the

four-year limitations period applicable to both causes of action.[1]  The trial court directed a verdict at trial in favor of Blue Water and Hyatt on the breach of contract claim, allowing only the deed rescission claim to be considered by the jury.

The verdict form's first question asked whether Maize proved his deed rescission claim.  The jury checked the box labeled "yes."  The verdict form instructed the jury that if its answer to the first question was "yes," it should proceed to the second question.

The verdict form's second question asked whether Blue Water and Hyatt proved that Maize knew, or reasonably should have known, "on or before September 20, 2012, that [Maize] sustained injury or damage caused by" the transfer of the properties to Blue Water.  The jury checked the box labeled "yes."  The verdict form clearly instructed the jury that, if its answer to the second question was "yes," then its verdict was for Blue Water and Hyatt and it should not proceed further with the questions on the form except to have the jury's foreperson sign and date it.  Despite this instruction, the jury proceeded to answer "no" to all remaining questions pertaining to whether Blue Water and Hyatt proved their other affirmative defenses of unclean hands, equitable estoppel, and unjust enrichment.

The trial court announced the jury's verdict in favor of Blue Water and Hyatt, and explained that Maize "would have won except that [he] waited too long to file the lawsuit[.]"

The trial court subsequently learned, upon meeting with the jurors to give them their certificates of appreciation, that some jurors were confused about the verdict they had rendered.  The trial court explained to the jury that the verdict form reflected a defense verdict in favor of Blue Water and Hyatt.  Thereafter, the trial court advised the parties and their counsel of the jurors' confusion and heard testimony from the jury foreperson indicating her belief that the verdict did not reflect the jury's intent because some of the jurors may have misunderstood the trial court's instructions when they answered the questions on the verdict form.

Maize moved to amend the jury's verdict to conform to the jury's intent

---

[1] *See* § 95.11(3)(k), Fla. Stat. (2011) (establishing a four-year limitations period for "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument"); § 95.11(3)(j),(l), Fla. Stat. (2011) (establishing a four-year limitations period for "[a] legal or equitable action founded on fraud" and actions "to rescind a contract"); *see also Billian v. Mobil Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA 1998) (noting that rescission is an equitable form of relief).

2

or, alternatively, for a new trial. After hearing argument from counsel on whether the verdict was internally inconsistent, the trial court announced: "It's clearly an inconsistent verdict. It doesn't reflect the jury's true verdict, and I'm going to throw it out." Based on this finding, the trial court granted the motion and ordered a new trial.

## Analysis

"An abuse of discretion standard is generally used to review an order granting a motion for a new trial." *Emmitt v. First Transit, Inc.*, 300 So. 3d 225, 228 (Fla. 4th DCA 2020). "However, a de novo standard applies to review 'a trial court's conclusions of law in an order granting a new trial.'" *Id.* (quoting *Van v. Schmidt*, 122 So. 3d 243, 246 (Fla. 2013)).

"A jury's verdict in a civil case is generally 'clothed with a presumption of regularity.'" *Coba v. Tricam Indus., Inc.*, 164 So. 3d 637, 643 (Fla. 2015) (quoting *Republic Servs. of Fla., L.P. v. Poucher*, 851 So. 2d 866, 869 (Fla. 1st DCA 2003)).

"[A]n inconsistent verdict is defined as when two definite findings of fact material to the judgment are mutually exclusive." *Id.* (citing *Smith v. Fla. Healthy Kids Corp.*, 27 So. 3d 692, 695 (Fla. 4th DCA 2010)). In other words, when a jury makes two or more findings "with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict." *Id.* at 643-44 (quoting *Crawford v. DiMicco*, 216 So. 2d 769, 771 (Fla. 4th DCA 1968)).

Here, the jury did not return an inconsistent verdict because its findings were not fatally in conflict. The jury's finding that Maize proved his rescission claim is not at odds with the accompanying finding that Blue Water and Hyatt proved their statute of limitations defense. Both findings can be true at the same time. In addition, the jury's rejection in its remaining findings of the other affirmative defenses raised by Blue Water and Hyatt is similarly not at odds with its findings that Maize's proven rescission claim was nonetheless barred by the running of the applicable limitations period.

In fact, the trial court recognized that the jury's findings were not inconsistent when it initially announced the verdict before meeting with the jurors to give them their certificates. In other words, before learning that some of the jurors were confused about the verdict the jury rendered, the trial court clearly understood what the verdict's findings meant and expressed no concern that the verdict's finding in favor of Blue Water and Hyatt on the statute of limitations defense was somehow at odds with the

3

jury's other findings.

Moreover, "Florida's Evidence Code, like that of many other jurisdictions, *absolutely forbids any judicial inquiry into* emotions, mental processes, or *mistaken beliefs of jurors.*" *State v. Hamilton*, 574 So. 2d 124, 128 (Fla. 1991) (emphasis added) (citing § 90.607(2)(b), Fla. Stat. (1987)). Indeed, section 90.607(2)(b), Florida Statutes (2011), provides that "[u]pon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment."

As our supreme court explained in *McAllister Hotel, Inc. v. Porte,* 123 So. 2d 339, 344 (Fla. 1959), "the law does not permit a juror to avoid his [or her] verdict for any reason which essentially inheres in the verdict itself," such as misunderstanding or confusion in following the instructions of the trial court. Thus, the trial court could not consider the testimony from the jury foreperson indicating her belief that the verdict did not reflect the jury's intent because some of the jurors may have misunderstood the trial court's instructions when they answered the questions on the verdict form. As a matter of law, any misunderstanding or confusion jurors may have had in arriving at their collective verdict is inherent in the jury's internal deliberative process, which cannot be challenged after the jury has rendered its verdict.

**Conclusion**

Therefore, the trial court committed reversible error when it granted Maize a new trial on the rescission claim. On remand, the trial court is directed to reinstate the jury's verdict in favor of Blue Water and Hyatt, and enter judgment accordingly.

We affirm on Maize's cross-appeal without further comment.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4