# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0596
Lower Tribunal No. 19-22326-CA-01
_____

**Jenna Alyssa Morales,**
Appellant,

vs.

**Max Adolfo Pirela,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Falk, Waas, Solomon, Mendlestein & Davis, P.A., Scott L. Mendlestein, Chuka Obianagu, and Jessica M. Hernandez, for appellant.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 768.74(5), Fla. Stat. (2019); <u>Arena Parking, Inc. v. Lon Worth Crow Ins. Agency</u>, 768 So. 2d 1107, 1110 (Fla. 3d DCA 2000) (appellate court reviews a trial court's determination to grant a motion for additur under an abuse of discretion standard); <u>Food Lion v. Jackson</u>, 712 So. 2d 800, 803 (Fla. 5th DCA 1998) (affirming the trial court granting plaintiff a new trial and stating that "the questions from the jury and the verdict convey a strong indication of compromise on the issue of liability when it awarded [plaintiff] her medical expenses without considering non-economic damages"); <u>FLNC, Inc. v. Ramos</u>, 220 So. 3d, 1220, 1222-23 (Fla. 5th DCA 2017) (finding, after plaintiff sought additur, a new trial was warranted on all issues after jury sent out two written damage-related questions to the trial court; jury returned a verdict finding defendant negligently caused injury to plaintiff; jury awarded past medical expenses but nothing for pain and suffering; finding it was likely the jury "interwove the issues of liability and damages on the jury form in an inconsistent way, suggestive of a compromise on liability, possible confusion on the law of damages, or both").